Boyd, by Next Friend, *et al. v.* Fitch *et al.*

---

Boyd, by Next Friend, et al. *v.* Fitch et al.

No. 7442.

INFANCY.—*Presumption.—Pleading.—Evidence.*—The presumption of infancy is never indulged; it must be alleged and proved.

SAME.—*Review of Judgment —Demurrer.*—A complaint to review a judgment is not bad on demurrer for want of facts, if otherwise sufficient, merely because it fails to aver that it was commenced within three years after such judgment was rendered, or after the removal of plaintiff's disabilities.

SUMMONS.—*Omission of the Seal of a Court.—Effect upon Judgment.*—The omission of the seal of a court from a summons, which has been served and returned, does not render a judgment based thereon void, though it may be voidable.

SAME.—*Affixing Seal Subsequently.*—The court of its own motion, or upon the motion of any interested party, may, at any time, cause the seal to be affixed; and this will validate the proceeding had *ab initio*, for all purposes.

BILL OF REVIEW.—*Errors Depending upon Evidence in Former Action.—Motion for New Trial.—Bill of Exceptions.*—A bill to review a judgment which specifies certain errors depending upon the evidence in the original action, but showing no motion for a new trial in that action, nor any bill of exceptions, presents no question for this court as to such specifications, where a demurrer is filed and sustained to the bill.

SUPREME COURT.—*Practice.—Brief.— Waiver.*—Questions not presented and discussed in the brief of counsel are regarded as waived in the Supreme Court.

From the Henry Circuit Court.

*S. H. Mellett, E. H. Bundy* and *M. E. Forkner*, for appellants.

*J. Brown*, for appellees.

HOWK, J.—This was a suit by the appellants, against the appellees, to obtain the review of a certain judgment.

The appellees demurred to the appellants' complaint for want of sufficient facts therein to constitute a cause of action; which demurrers were sustained by the court, and to this ruling the appellants excepted, and judgment was rendered against them for the appellees' costs.

The appellants have assigned error, which presents for the decision of this court the single question of the sufficiency of the facts stated in their complaint to constitute a cause of action.

In their complaint, which was filed in the court below on the 22d day of August, 1877, the appellants, suing by their next friends, alleged, in substance, that the appellees, except the said Asemath Fitch, were the only heirs at law of Henry Fitch, deceased, who died on the — day of ———, 187–, and whose estate was finally settled on the — day of ———, 187–; that on the 11th day of May, 1870, the appellants, Matilda L. Boyd, then Matilda L. Ross, William Ross, Charles Ross and Sevellen Ross, were the owners in fee simple of said real estate, particularly described, in the town of New Castle, Henry county, Indiana, as the heirs at law of their mother, Lovina J. Ross, deceased; that, on said 11th day of May, 1870, the said Henry Fitch filed in the court of common pleas of Henry county his complaint against the said appellants, alleging and charging, that on the 20th day of July, 1865, he was the owner of said real estate, and by deed of that date conveyed the same to said Lovina J. Ross; that the sale was made to Sevellen Ross, who executed to said Henry Fitch his notes for seven hundred dollars, which were

filed with and made a part of said complaint, as the consideration of said conveyance; that they were then due and unpaid; that, at the time of said sale, it was well understood between said Henry and Sevellen and Lovina J. Ross, that said Henry should hold a vendor's lien on said real estate for the payment of said notes; that said Sevellen and Lovina J. Ross were both dead, leaving the said appellants as their only heirs at law, and neither of them left any personal estate, out of which said debt could be paid or satisfied; that the said appellants were all minors, under the age of twenty-one years; and praying that an account be taken of the amount due, that the same may be declared a lien on said real estate, and that the same be sold for the payment thereof; that such proceedings were had and held in said court in said cause, that afterward, on the 26th day of July, 1870, the said court found that there was due said Henry in said cause, on said notes, the sum of nine hundred and thirty dollars and fifty-nine cents, and ordered and decreed that said real estate be sold to pay the same, all of which would more fully appear from the complete record and transcript of the proceedings and judgment in said cause, which was filed with and made part of the complaint in this action; that afterward, by virtue of an order of sale, issued on said judgment to the sheriff of said county, he sold said real estate at sheriff's sale to the appellee Asemath Fitch, for the amount of said judgment, interest and costs, to wit, the sum of nine hundred and thirty-six dollars and thirty-three cents, on the 3d day of September, 1870, and the said real estate not having been redeemed, the said sheriff executed to her a deed therefor, on the 20th day of October, 1871; that she held possession of said property under the said deed, and claimed the title thereto. And the appellants averred, that the said judgment and proceedings in said cause, and all the proceedings there-

under, and said sheriff's sale, were erroneous, illegal, fraudulent and void, in this, to wit:

*First.* No legal process was ever issued or served on the defendants in said cause, the appellants herein, as shown by the record of said cause;

*Second.* It is not shown by the record in said cause, that process was ever served on the defendants therein, the appellants herein;

*Third.* There was no finding in said cause, that said Henry Fitch, the plaintiff therein, was ever the owner of said real estate, the truth being that he never was the owner thereof; but on the contrary, at the time of his alleged sale to said Sevellen Ross, the same was the property in fee simple of his wife, Matilda Fitch, the mother of said Lovina, and was conveyed by her to her said daughter;

*Fourth.* There was no finding in said cause for the plaintiff, on which to base the judgment therein;

*Fifth.* Said decree was rendered without any proof that said Henry Fitch ever owned said property, or owned it at the time of said alleged sale;

*Sixth.* Said note for four hundred dollars, which was a part of the basis of said cause of action, in said suit, was never executed by said Sevellen Ross, which said Henry at all times well knew;

*Seventh.* Said notes were not, nor was either of them, given for the purchase-money for said real estate, and the finding, that they were, was procured by the false and fraudulent testimony of said Henry Fitch;

*Eighth.* Said Sevellen Ross did not owe said Henry Fitch any thing whatever, and the finding and judgment, that he did, were procured by the false and fraudulent evidence of said Henry Fitch;

*Ninth.* Said decree was procured by the false and fraudulent evidence of said Henry Fitch, in this, that, on the

trial of said cause, he testified, that said notes were given for the purchase-money of said real estate, that he owned said real estate, and conveyed it to said Lovina J. Ross, in consideration of said notes, at the request of said Sevellen Ross, to whom he sold the same,—which said evidence was wholly false and fraudulent;

*Tenth.* The complaint did not state facts sufficient to constitute a cause of action against the defendants therein named, the appellants in this suit; and,

*Eleventh.* At the time of the rendition of said judgment, the said court did not have jurisdiction of the said defendants in said cause.

Of all which the appellants averred, that said Asemath Fitch had full notice at the time she purchased said real estate at said sheriff's sale, and that she in fact paid nothing therefor, either to said Henry Fitch or to the sheriff of said county. Wherefore, etc.

The foregoing is a full, and in the main an almost literal, summary of the facts stated in the appellants' complaint. It will be observed, that there is no averment therein, that the appellants, the plaintiffs below, were infants, under the age of twenty-one years, at the time of the commencement of this action. It is true that each of them sues by a next friend; but, if they relied upon their infancy as affording them any ground for the maintenance of the suit, we think they should have alleged their infancy in direct terms, and should not have left it to inference merely. The presumption of infancy is never indulged. As a ground of relief, it must be alleged and proved; and, as matter of defence, it must be either pleaded or given in evidence. *Pitcher* v. *Laycock*, 7 Ind. 398.

But, so far as the question now before the court is concerned, it seems to us immaterial whether the infancy of the appellants was alleged in their complaint or not;

for, if the allegations of the complaint were otherwise sufficient to constitute a cause of action, it could not be held bad on a demurrer for the want of facts, merely because it failed to show that the suit was commenced within three years after the rendition of the judgment, or after the removal of the appellants' disabilities.

We proceed now to the consideration and decision of the questions in this case presented and discussed by appellants' counsel, in their brief of this cause. Counsel say:

" The questions presented by the first and second specifications in the foregoing complaint are : .

" 1. Is a judgment taken against a minor, upon a summons directed to him, which is not attested by the seal of the court from which it issued, valid in an action brought by such minor to set aside the judgment, on account of such defect in the summons ?

" 2. Is a judgment against a minor valid, when the record does not affirmatively show that he was served with process as against him, in an action brought to set the judgment aside on that ground ?

" 3. When a judgment is rendered against a minor, and the record does not show any summons or service thereof, or any determination of the court on the question of notice, can the record be amended, or the judgment rendered valid, by affidavit or other evidence showing that a summons on file, among the papers in the cause, was in fact served on the defendants ?"

It seems to us, that the central idea in each and all of the foregoing questions is, that the summons on file, among the papers in the cause, and set out in the record of the judgment sought to be reviewed and reversed, and the service thereof by the sheriff of Henry county, were necessarily and absolutely void, merely because such summons was not issued " under the seal of the court," from which it was issued, as the statute required that it should have

been issued. This idea is, as we think, clearly erroneous. The summons was not void, for the want of the seal, but, at most, was merely voidable. The omission of the seal from the summons was the mere "misprision of the clerk," which the court, of itself or by its clerk, was fully authorized by law to reform and amend, in its discretion, in affirmance of the judgment sought to be reviewed and reversed in this case. *Bales* v. *Brown*, 57 Ind. 282 ; *Miller* v. *Royce*, 60 Ind. 189 ; and *Reily* v. *Burton, ante,* p. 118. The case of *Hunter* v. *The Burnsville Turnpike Co.*, 56 Ind. 213, is directly in point. In that case, an execution had been issued, not under the seal of the court, and property had been sold by the sheriff, under and by virtue thereof; and the point was made, that the execution was void for the want of a seal. On this point, the court said :

" There are cases which hold, that writs without a seal are not void, but voidable only, and that they may be amended, after they have been served, by attaching the seal. We incline to follow that line of decisions which holds, that process, without the proper seal, is voidable only, and therefore amendable, as being more in consonance with the general spirit of the law, which regards substance more than form."

Section 37 of the code provides, that " No summons, or the service thereof, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court." 2 R. S. 1876, p. 49. The summons complained of, in the case at bar, appears to have been perfect in every respect, except that it lacked the impression of the seal of the court. It was addressed to the sheriff of Henry county, who appears to have made return thereof, endorsed thereon over his official signature, to the effect that he had served the same by reading to and in the hearing of all the defendants therein

named. Under section 35 of the code, the service was sufficient; and section 292 of the code makes the sheriff's certificate sufficient proof of the service.

We are of opinion, therefore, that the summons and the service thereof, in the original action, were not void, though perhaps voidable, and therefore amendable; and that, until set aside in a proper application for that purpose, they and each of them may well be held to be sufficient. The court below, of its own motion, or upon the motion of any interested party, may at any time cause the proper seal to be affixed to the summons, and thus validate and render it effectual *ab initio*, for all purposes.

Our conclusion, therefore, is, that neither the summons, nor the service thereof, in the original case, constituted such error of law as afforded any sufficient ground for the review and reversal of the judgment complained of by the appellants.

None of the other specifications of error, assigned by the appellants in their complaint for review, except the *tenth*, present any question for the decision of this court. There was no motion for a new trial, in the original case, nor was there any bill of exceptions filed, containing the evidence or showing any alleged erroneous ruling on the trial of that case. In other words, there was no " error of law appearing in the proceedings and judgment," in the original case, for which a complaint for review would lie.

The *tenth* specification of error was, that the complaint in the original case did not state facts sufficient to constitute a cause against the defendants therein named, the appellants in this action. The question of the sufficiency of that complaint, however, is not presented and discussed by the appellants' counsel, in their brief of this cause. This question must, therefore, under the settled practice of this court, be regarded as at least impliedly waived.

Upon the whole case, we are of the opinion, for the reasons

given, that, in the case now before us, the court committed. no error in sustaining the appellees' demurrers to the appellants' complaint.

The judgment is affirmed, at the appellants' costs.