Filed Dec. 20, 1883.

———————

No. 10,264.

COFFIN ET AL. *v.* TRUSTEES OF INDIANA ASBURY UNIVER-SITY.

PROMISSORY NOTE.—*Consideration.—Extension of Time.—Principal and Surety.*
—Where a debtor asks for an extension of time upon a debt that is past due, and, to secure the same, agrees to and does give a new note, with a certain named surety, for the whole or a part of such debt and for a def-inite period of time, and such new note is accepted by the creditor, and time is given accordingly, such extension of time is a sufficient considera-tion for the execution of the new note as well by the surety as by the principal.

From the Superior Court of Marion County.

*A. B. Young,* for appellants.

*R. B. Duncan, C. W. Smith* and *J. S. Duncan,* for appellee.

HOWK, C. J.—This was a suit by the appellee against the

appellants, upon a promissory note, of which the following is a copy:

" $1,000.                    INDIANAPOLIS, Nov. 30th, 1866.

" One year after date we promise to pay to the order of the trustees of the Indiana Asbury University one thousand dollars, value received, without any relief from valuation or appraisement laws.            (Signed)    B. & S. COFFIN.
                                   · " D. W. COFFIN.
                                   " J. A. COFFIN."

The cause was put at issue and submitted to the court for trial, and the court made a special finding of the facts, and stated its conclusions of law thereon, in substance, as follows:

" Prior to the year 1866 the plaintiff had loaned to Barnabas Coffin and Stephen Coffin, partners doing business under the firm name and style of ' B. & S. Coffin,' $3,000, and had taken therefor a promissory note, as follows:

" ' $3,000.              INDIANAPOLIS, IND., Dec. 5th, 1864.

" ' Six months after date, we promise to pay to the order of the trustees of the Indiana Asbury University three thousand dollars, without any relief whatever from valuation or appraisement laws, value received, payable at Fletcher's Bank, Indianapolis, with interest, payable semi-annually, at the rate of eight per cent. per annum.    (Signed)    B. & S. COFFIN.' "

"After the maturity of said note, the same still being unpaid, the makers thereof became financially embarrassed, and executed to one Robbins a trust deed for the benefit of their creditors.    Learning of their embarrassment, the treasurer of plaintiff had a consultation with them, at which it was stated by the makers of said note that the trust deed would go a great ways to secure the debt due plaintiff, but they desired further time and proposed to give additional securities, and, amongst other additional securities, offered the note in suit, which was executed by said Barnabas and Stephen Coffin as principals, under the firm name of B. & S. Coffin, and by defendants David W. Coffin and James A. Coffin as sureties, by their respective names of D. W. and J. A. Coffin.

" The treasurer of plaintiff thereupon agreed to accept said note, and to give said Barnabas and Stephen Coffin the time they desired.

" The said treasurer, in what he did, was duly authorized to act for the plaintiff. In pursuance of said agreement, the note sued on was delivered to and accepted by the plaintiff.

"There was no consideration for the note sued on other than as may be implied from the facts hereinbefore stated. The said $3,000 note and the note sued on are still due and unpaid, and there is now due upon the note sued on the sum of $1,810."

Upon the foregoing facts the court stated its conclusions of law, as follows:

" 1st. The note sued upon was founded upon a good consideration;

" 2d. Upon the facts hereinbefore found, the plaintiff is entitled to recover against the defendants in the sum of $$1.810.

(Signed)　" DANIEL WAIT HOWE, Judge."

Over the appellants' exceptions to the conclusions of law, and their motion for a new trial, the court rendered judgment for the appellee upon, and in accordance with, its conclusions of law. On appeal the judgment at special term was affirmed by the general term.

In this court the appellants David W. and James A. Coffin have assigned the proper error to present here the errors assigned jointly by them and their co-defendants Jones and Churchman, executors, etc., in general term. In addition thereto, all the appellants severally assign here as error, " that the complaint in said cause does not state facts sufficient to constitute a cause of action."

In his brief of this cause the appellants' counsel has not discussed, or even alluded to, the alleged failure of the complaint to state facts sufficient to constitute a cause of action. Under the settled practice of this court, the error assigned here, calling in question for the first time the sufficiency of appellee's complaint, must be regarded as waived. *Goldsberry*

Coffin *et al. v.* Trustees of Indiana Asbury University.

v. *State, ex rel.,* 69 Ind. 430; *Boyd* v. *Fitch,* 71 Ind. 306; *Williams* v. *Potter,* 72 Ind. 354. But, if the error were not waived, the appellee's complaint is good.

In the general term below errors were assigned as follows:

" The appellants David W. and James A. Coffin, and the executors of the last will and testament of Barnabas Coffin, deceased, that is, Jesse Jones and Francis M. Churchman, say there is manifest error in the record and proceedings of said cause, in this, to wit:

" *First.* The court erred in refusing to render judgment for the appellants on the special finding of the facts made by it;

" *Second.* The court erred in its conclusions of law from the facts specially found by it, and judgment should have been rendered for the appellants, instead of the appellees;

" *Third.* The court erred in overruling the appellants' motion for a new trial, and in rendering judgment thereon against them."

The record fails to show that the executors of the last will of Barnabas Coffin, deceased, either excepted to the court's conclusions of law, or moved the court upon written cause for a new trial. It is clear, therefore, that as to such executors no error is properly saved in or presented by the record, and as to them the judgment below must be affirmed.

It is shown by the transcript, that the appellants David W. and James A. Coffin excepted to each of the conclusions of law, " for the reason that upon the facts found they are not liable under the law, and the court should have so concluded, for the reason that the note sued on was not, as to them, founded upon a good consideration." This exception states the ground upon which the appellants' counsel asks for the reversal of the judgment against David W. and James A. Coffin. Counsel says: " The only question presented for the decision of the court below, at special term, was whether or not the note sued on was executed by appellants upon a valid consideration." He then insists that the special finding of facts " is fatally defective, and does not warrant any judg-

ment against appellants," because, he says, " that instead of stating as a fact whether or not any consideration was shown for the note sued on, the finding merely details the items of evidence upon that issue, and reversing the rule governing the court in such cases, states as a conclusion of law that which could only, if at all, be stated as a fact." The special finding of facts does not seem to us to be open to this criticism. The facts found by the court are that the principals in the note in suit were owing the appellee a large sum of money, evidenced by their note then past due, which was partially secured by a trust deed for the benefit of their creditors; that they asked an extension of time on the note then past due, and, as an additional security for a part of such debt, they offered the note now in suit with David W. and James A. Coffin, as their sureties therein; and that the appellee accepted the note in suit, and gave them, the principals therein, the time they desired. These were the facts found by the court, and they showed that the extension of time on the note then past due, for the time the makers thereof desired, was the consideration of the note now in suit. Thereupon, the court stated, as a conclusion of law and not of fact, that " the note sued upon was founded upon good consideration."

But the appellants' counsel insists that the note in suit is not binding on the sureties therein, because, he says, that the appellee's promise to give B. & S. Coffin " the time they desired" on their note, then past due, was not a sufficient consideration to support the note sued upon, as against such sureties. Counsel says: " There is one inflexible rule stated by all the text-writers on the subject and followed in the decided cases, so far as our reading and search has extended, and that, is that a promise to forbear the collection of a pre-existing debt will be no consideration for the promise of a third person to pay it, unless it be shown that such forbearance was actually granted upon the faith of such third person's promise. But in no case will the creditor's agreement to forbear be a suffi-

cient consideration to support the promise of such third person, unless a definite time is agreed upon, or the terms of the agreement are susceptible of being construed as fixing a definite time."

In *Wills* v. *Ross*, 77 Ind. 1, this court approved of the following statements of the law applicable to the question under consideration: "An agreement on the part of the creditor for general indulgence toward the principal, without any definite time being specified, with proof of actual forbearance for a reasonable time, is sufficient." Brandt Suretyship, etc., section 8; and again, " It appears also to be the better opinion, that such postponement need not be for a specific length of time, but that an agreement to postpone indefinitely, with proof of actual forbearance for a reasonable term, will be sufficient." Browne Stat. Frauds, section 190; 1 Parsons Con. 442; 1 Chitty Con. (11th Am. ed.) 36, *note.*

The rule invoked by appellants' counsel, if it were correctly stated, and were not subject to any exceptions, does not seem to us to be at all applicable to the case in hand. Here, the third persons, David W. and James A. Coffin, do not undertake to pay the entire debt of B. & S. Coffin, then past due, to the appellees; but they virtually propose, as to the sum of $1,000 of such debt, that if appellee would extend the time as to such sum for the definite period of one year, they would become the sureties of B. & S. Coffin for that sum. This proposition was accepted, and the note in suit, payable one year after date, was executed accordingly. Certainly, the extension of time for one year constituted a sufficient consideration for the note sued upon as to the principals therein; and, this being so, it follows of necessity, as it seems to us, that the consideration was also sufficient as to the sureties in such note.

We are of opinion that the evidence in the record fully sustains the trial court's special finding of facts, and that the facts so found fully warrant and authorize the court's conclusions of law.

We find no error in the transcript of this cause which would justify us in reversing the judgment of the general term.

The judgment is affirmed, with costs.

Filed Dec. 18, 1883.