ROSA D. HELDRICH, PETITIONER, v. AMERICAN INCU-
BATOR MANUFACTURING COMPANY, AND ROBERT C.
NICHOLAS AND GLENN BOYCE, RECEIVERS OF THE
AMERICAN INCUBATOR MANUFACTURING COMPANY,
RESPONDENTS—NEW YORK INDEMNITY COMPANY,
CARRIER.

Argued May 1, 1928—Decided May 16, 1928.

Before Justices KALISCH and LLOYD.

For the rule, *Collins & Corbin.*

*Contra, William N. Cooper.*

The opinion of the court was delivered by

LLOYD, J.   Rosa D. Heldrich obtained in the workmen's
compensation bureau an award against the receivers of the
American Incubator Manufacturing Company for the death
of her husband, Andrew Heldrich.   This award was not ap-
pealed from, but was filed as a judgment in the Common
Pleas Court of Middlesex county.   This judgment was dock-
eted in the Supreme Court, December 17th, 1927.

On December 31st following, default having been made in
payment of the amounts called for in the award, an order
was made by Mr. Justice Trenchard declaring the whole sum
due and owing by the receivers and by its insurance carrier,
and directing that an execution issue for the amount thereof.

On April 11th, 1928, a rule was allowed by the same justice to show cause why the order made by him on December 31st, 1927, should not be vacated and set aside. It is this rule which is now before us.

The reasons urged for making the rule absolute are that the order complained of was made without notice; that subsequently to the compensation award the petitioner, as the executrix of Andrew Heldrich, received from the Long Island Railroad Company, in compromise settlement of an action brought by her to recover damages for the death of her husband, the sum of $15,000; that chapter 199 of the laws of 1915, under which the order was made, is unconstitutional, and that the order itself is a proceeding without due process of law in violation of the constitutional rights of the receiver and the New York Indemnity Company, the employer's insurance carrier.

None of these reasons are, in our judgment, adequate grounds for disturbing the order complained of. The compensation award by authority of sundry acts may lawfullly become a judgment of the Common Pleas Court, and this in turn may be docketed in the Supreme Court. Upon failure to comply with the original order for compensation the court may order that the entire amount of compensation shall become due immediately, and that, on proof of such failure, execution may issue for the entire amount of the award, and that supplementary proceedings in aid of execution may be resorted to upon the judgment so docketed and becoming due in whole, as in other cases. *Pamph. L.* 1915, *ch.* 199, *p.* 364.

The receivers, and, consequently, the insurance carrier, were in court by lawful process on the original award. They were obliged thereafter to take cognizance of the steps available to the petitioner by virtue of the various statutes, and, in the absence of statutory provision directing otherwise, no notice was required of the filing of the award in the Common Pleas Court, its docketing in the Supreme Court or the order declaring the whole amount due upon proper proofs of failure to comply with the award, and that execution issue thereon. These various steps were but lawful measures in aid of the primary judgment and its enforcement.

It is next contended that the sum obtained from the Long Island Railroad Company by Mrs. Heldrich, executrix, extinguished the award. This contention we regard as wholly untenable. While the act cited in its third section provides that recovery for death or injury shall release the employer from the obligation under the award, such recovery does not automatically extinguish the award. It can only be availed of by the presentation of such recovery to the court having cognizance of the judgment in some legal proceedings, in which proceeding a judicial determination can be had as to the fact of such recovery, and if there has been such recovery the amount applicable to and available for the extinguishment of the award. As counter-claims held by individuals against each other do not automatically extinguish each other, but must be judicially determined and awarded, so we take it must the recovery as in the present instance be availed of in the same manner if it is to extinguish the award in the present case.

On March 17th, 1928, on the petition of the present applicant, a rule was allowed by the Chief Justice to show cause why the judgment obtained in the Supreme Court should not be canceled and satisfied of record. The purpose of this rule was to have a legal determination of the fact of recovery by Mrs. Heldrich as executrix against the Long Island Railroad Company, and the extent, if any, of which this recovery may go toward the liquidation of the award in the present case. This under our view was a rational method of procedure under which the parties' rights may be properly determined, and is so recognized by counsel for the insurance carrier.

The reasons urged on the present motion that the constitutional rights of the parties are invaded are, we think, unsound. The whole scheme of workmen's compensation rests upon a contractual basis whereby employer and employe voluntarily enter into a relationship carrying with it certain rights and certain obligations. These rights and obligations are necessarily agreed to, *in limine,* when the relationship of master and servant first arises. It is quite clear to us, therefore, that in such situation the ultimate result reached in the

present case is, in effect, but the carrying out of the rights which the employe and those accorded such rights in the act have acquired in the original employment as supplemented by the events subsequent thereto. The act, we think, does not contravene the provision of the the state constitution forbidding the passage of certain private and local laws.

The order of Mr. Justice Trenchard declaring the whole award due will not be disturbed, but upon proper application the execution issued thereon will be stayed until the disposition of the rule pending before the Chief Justice to determine the extent, if any, of which the judgment in this court should be reduced by virtue of the moneys received by Mrs. Heldrich as administratrix from the Long Island Railroad Company, or the further order of the court.