## STATE HIGHWAY DEPARTMENT OF GEORGIA *v.* TURNER.

No. 15051.   JANUARY 8, 1945.

*T. Grady Head, attorney-general, Marshall L. Allison* and *L. C. Groves, assistant attorneys-general,* for plaintiff in error.

*John G. Slappey,* contra.

JENKINS, Presiding Justice. The facts in this case appear to be similar to those involved in *State Highway Department* v. *Bass,*

197 *Ga.* 356 (29 S. E. 2d, 161). In that case, some of the questions here raised were passed upon, and some were not passed upon, as not having been presented by the record. An employee of the State Highway Department was injured in the work of his employment on January 21, 1943, prior to the passage by the General Assembly of the act approved March 20, 1943 (Ga. L. 1943, p. 401), now embodied in Ga. Code Ann. as § 114-101a. The judge of the court below sustained the award to which exceptions are taken by the State Highway Department. The act of the General Assembly, as stated in section 1, now embodied in Ga. Code Ann. as § 114-101, after repealing § 114-101 of the Code of 1933, defining "employer" and "employee" under the workmen's compensation law, provides as follows: " 'Employer' shall include the State of Georgia and all departments thereof, any municipal corporation within the State, and any political division thereof, and any individual, firm, association or corporation engaged in any business operated for gain or profit, except as hereinafter provided, and the receiver or trustee of the same, and the legal representative of a deceased employer, using the service of another· for pay. If the employer is insured, this term shall include his insurer as far as applicable. 'Employee' shall include every person in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer and, except as hereinafter provided, minors are included even though working in violation of any child-labor law or other similar statute: Provided, that nothing herein contained shall be construed as repealing or altering any such law or statute. Any reference to any employee who has been injured shall, when the employee is dead, include also his legal representatives, dependents, and other persons to whom compensation may be payable, pursuant to the provisions of this law." Section 2 of said act, now embodied in Ga. Code Ann. as § 114-101a, provides as follows: "So far as concerns the State of Georgia or any department thereof which has been operating under the terms of the workman's compensation law, said State and such departments thereof shall be deemed to have been included in the original law under definition of 'employer.' Any payments heretofore made under awards of the Industrial Board to State employees are hereby ratified and confirmed and

any payments of awards which were being made by the State or any of its departments on or before February 1, 1943, but discontinued on account of the State and its departments not being included in the definition of 'employer' shall be resumed as of the date of discontinuance, and compensable accidents which occurred prior to the passage of this law [§§ 114-101 to 114-101b] for which awards were not made but for which awards are hereafter made, shall be paid by said State or the departments thereof in the same manner as other awards heretofore or hereafter made."

1. This court, as it did in the *Bass* case, stands equally divided on the question of whether the provisions of the act, making the several departments of the State of Georgia amenable to the workmen's compensation law, are unconstitutional in so far as the right sought to be conferred upon the employee relates to an injury which occurred prior to the passage of the act.

2. The act of the legislature referred to, making the State of Georgia and the various departments thereof employers within the meaning of the workmen's compensation law, and therefore subject to its provisions, is not unconstitutional so far as the State Highway Department is concerned, as failing to provide sufficient procedural machinery for notice and service to make the State of Georgia or its departments subject thereto. Irrespective of what might be true as to other departments of the State, there would not appear to be any difficulty or doubt under the terms of the workmen's compensation law as to the proper notice which an injured employee of the State Highway Department must give of the accident, as provided for by the Code, § 114-303, as follows: "Every injured employee or his representative shall, immediately on the occurrence of any accident, or as soon thereafter as practicable, give or cause to be given to the employer, his agent, representative or foreman, or the immediate superior of the injured employee, a notice of the accident." Nor would there appear to be any uncertainty as to the character of notice which the Industrial Board must give the Highway Department of the hearing before it as provided by the Code, § 114-706. This is true for the reason that there would not seem to be any doubt as to who the party at issue was, or as to whom notice should be given by the board of the hearing before it, since the State Highway Department has by our statute been recognized as a legal entity and as

such made subject to suit, and the method of service in such a suit is provided for by law. The act of the General Assembly approved March 17, 1943 (Ga. L. 1943, p. 216, sec. 13, Ga. Code Ann., § 95-1623), provides as follows: "All suits brought either by or against the State Highway Department shall be brought in the name of 'State Highway Department of Georgia.' All suits brought ex contractu by or against State Highway Department of Georgia shall be brought in the county where the contract is to be or has been performed. All suits ex delicto shall be brought in the county in which the cause of action arose. Service upon said Department shall be sufficient by serving a second original process issued from the county where the suit is filed upon the Highway Director, either personally or by leaving a copy of same in the State Highway Building, No. 2 Capitol Square, Atlanta, Georgia."

3. It is contended that the workmen's compensation law, as amended by the act making the State and the several departments thereof subject to its provisions, even if otherwise valid, is ineffectual in this case for the reason that its operation as applied to the Highway Department is not compulsory, and it does not appear that the department has accepted for itself the obligations which the act purports to impose. This ground is without merit. By making the State Highway Department an employer within the meaning of the workmen's compensation law, the provisions of the latter statute became operative, and under the Code, § 114-201, every employer and employee, except those specifically excluded, are presumed to have elected to become amenable to its terms, unless they have given the notice prescribed by law, taking themselves without its operation.

4. The next contention of the Highway Department is that the act making the department amenable to the workmen's compensation law is inoperative unless and until an appropriation has been made by the General Assembly for the purpose of paying workmen's compensation, and the necessary funds therefor shall be set apart by the budget commission. This ground of complaint is without merit. No question is here presented as to the manner of payment of the award, nor as to the procedure to be followed by the claimant in order to collect it. It is to be presumed that, should an award be made, it will be paid only out of funds legally

available for that purpose. See, in this connection, *State Highway Department* v. *Bass*, 197 *Ga.* 356 (4, 4 a), 371 (supra).

5. The State Highway Department contends that the claim here asserted was abated by the act of March 17, 1943 (Ga. Code Ann., § 95-1605), which provides: "All pending actions and causes of actions against the State Highway Department or the State Highway Board of Georgia shall abate and stand abated unless reinstated and allowed to proceed by executive order of the Governor, agreed to by the State Highway Commission, in which event the State Highway Department shall be the necessary party defendant thereto. The State Highway Commission nor the State Highway Department shall be liable to suit for alleged causes of action originating prior to March 17, 1943, and no action shall be maintained therefor or thereon, except upon executive order of the Governor and the approval thereof by the State Highway Commission. Nothing in this bill shall prevent suit against the State Highway Department or preclude liability against the same as a result of an accident at or on a bridge in this State." The act from which this section was codified was approved on March 17, 1943. (Ga. L. 1943, pp. 216, 221.) It was on March 20, 1943, that the act of the same General Assembly (Ga. L. 1943, pp. 401, 402, Ga. Code Ann., § 114-101a) was approved, seeking to render the State Highway Department amenable to the workmen's compensation law. The injury here involved, for which compensation was awarded, occurred on January 21, 1943. Timely notice thereof was given, and an application for hearing thereon was made to the Industrial Board on January 5, 1944. The question presented, therefore, is whether an employee of the State Highway Department, injured in the course of his employment prior to the enactment of the law abating all causes of action against the Highway Department, and prior to the amendment to the workmen's compensation law, including the State Highway Department in the definition of "employer" therein, and providing for awards for injuries suffered prior to its enactment, could, after the enactment of said laws, proceed with his claim for compensation without first obtaining an executive order of the Governor, approved by the State Highway Commission, reinstating the claim and authorizing it to proceed. It was clearly the intention of the legislature, by the act of March 17, 1943 (Ga. Code Ann., § 95-1605), to abate,

not all actions against the State Highway Department, but only such actions as were then pending or which had then accrued. The claim for compensation here involved did not exist as a pending action or as a cause of action on March 17, 1943, the date of the approval of the abating statute, and consequently could not be ·abated by it; and, not having been given· the status of a cause of action until March 20, 1943, it was not subject to the provision of the abating statute requiring reinstatement of abated actions.

As to the proposition stated in the first division of the opinion, the judgment is affirmed by operation of law. Chief Justice Bell and Justices Atkinson and Wyatt are of the opinion that this portion of the act is constitutional; whereas Presiding Justice Jenkins and Justices Grice and Duckworth are of the opinion that such portion of the act violates the constitutional inhibition against retroactive statutes.

*Judgment affirmed. All the Justices concur, except Grice and Duckworth, JJ., who dissent.*