### 21706. CONTINENTAL CASUALTY COMPANY et al. v. BUMP.

QUILLIAN, Justice. This is a workmen's compensation case in which the employer, Allan Wesley Contractors, and its insurance carrier, Continental Casualty Company, entered into an agreement under the provisions of *Code* § 114-705 with an employee, Kenneth J. Bump, to pay him $30 per week as compensation for an injury arising out of and in the course of his employment. It was stipulated in the agreement

that the injury resulted in the total incapacity of the employee, and the payment would continue "until terminated in accordance with the provisions of the workmen's compensation law of Georgia." The agreement was executed on September 19, 1957, and approved by the State Board of Workmen's Compensation on September 20, 1957, and accordingly possessed all of the force of an award of compensation. *Code* § 114-705; *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397, 399 (24 SE2d 309); *Georgia Marine Salvage Co. v. Merritt*, 82 Ga. App. 111 (1a) (60 SE2d 419). Thereafter, no action was taken before the board to determine the agreement or to diminish the amount to be paid the employee according to its terms.

On February 21, 1962, the employee filed his application in the Superior Court of Fulton County, alleging that the employer, Allan Wesley Contractors, and the insurance carrier, Continental Casualty Company, had failed to pay compensation payments according to the before-mentioned agreement from September 20, 1957, through February 18, 1962, and praying that a judgment be entered in his favor against the employer and insurance carrier for the amount of the accrued payments together with interest due under the agreement. The application was made under the statute contained in *Code* § 114-711 (Ga. L. 1920, p. 200; Ga. L. 1931, pp. 7, 43) reading: "Judgment in accordance with Board's decision.—Any party in interest may file in the superior court of the county in which the injury occurred, or if the injury occurred without this State, then in the county in which the original hearing was had, a certified copy of a memorandum of agreement approved by the State Board of Workmen's Compensation, or of a final order or decision of the members, or of an award of the members unappealed from, or of an award of the directors affirmed upon appeal, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said court. . ."

The employer and insurance carrier filed an answer which among other things alleged: "For further plea and answer respondents show that insofar as Georgia Code Section 114-711

. . . is construed to provide that an employer or insurance carrier must make workmen's compensation payments to an employee for total disability during the same period of time that employee is actively engaged in work earning money from an employer, the same is unconstitutional in violation of Section One of the Fourteenth Amendment of the Constitution of the United States which provides that no State shall 'deprive any person of . . . property, without due process of law . . . ,' and also Article One, Section One, Paragraph III of the Constitution of the State of Georgia, which provides 'no person shall be deprived of . . . property, except by due process of law,' for the reason that employers would thereby be deprived of property without due process of law by being exposed to having to pay twice for one consideration."

None of the other paragraphs of the answer undertook to attack the constitutionality of the statute. ˙

The quoted paragraph of the answer, in essence, alleges the act is unconstitutional because it does not permit the employer or insurance carrier to object to the entry of a judgment under its provisions, based upon an award of the Workmen's Compensation Board, on grounds that should have been interposed to the award being made by the board, or discontinued on a showing before that body that there had been a change in the employee's condition relative to his capacity to work.

In *Taylor v. Woodall*, 183 Ga. 122, 123 (187 SE 697), a similar attack on the statute was that it did not provide for notice to the employer and hence did not afford an opportunity to set up defenses to the entry of the judgment according to its provisions. It was there alleged, as in this case, that the statute deprived the employer and insurance carrier of their property without due process of law. In the *Taylor* case it is specifically and plainly explained that the attack is invalid. It was there held: "The Workmen's Compensation Act of this State is not a compulsory statute, but is what is termed a voluntary or elective statute. As a general rule, an attack on such a statute on the grounds that it denies due process of law is not sustained by the courts; this on the ground that the party complaining, having voluntarily submitted to the terms of the statute, can not be heard to complain if the usual forms of legal process are denied him under

such statute. See 71 C.J. 266, § 21. 'The statutory provision for reducing an award of compensation to a judgment is new and strange. The idea that a court may first render a judgment and thereafter notify the parties strikes a lawyer as a genuine novelty; but upon reflection the mystery disappears. Every employer and every employee who fails to exempt himself from the provisions of the compensation law thereby constructively agrees to be bound by all the provisions of that law. One of the provisions of the law to which the parties thus agree is, that, in an appropriate case, an award by the industrial board may be reduced to a judgment without summons or any other prior notice from the court. The purpose of reducing an award of compensation to a judgment is obvious. It enables the person in whose favor compensation has been awarded to have execution in default of payment, and creates a lien on the property of the employer.' Raggi v. H. G. Christman Co., 92 Ind. 337 (151 NE 833). The employer was in court by lawful process of the original award or memorandum of agreement, and, having failed in the first instance to exempt himself from the operation of the workmen's compensation act, is 'obligated thereafter to take cognizance of the steps available to the petitioner (employee) by virtue of the various statutes; and in the absence of statutory provisions directing otherwise, no notice was required of the filing of the award,' the rendition of judgment thereon upon good cause shown, and the issuance of execution based upon the judgment. Heldrich v. American Incubator Mfg. Co., 6 N.J. Misc. 525 (141 Atl. 770)."

In this case it is clear that there is an attempt to challenge the constitutionality of the law on the same ground upon which it was previously attacked when held by this court to be constitutional. The answer of the respondents presents no question concerning the constitutionality of a law to this court.

Constitutional questions which have been finally and conclusively determined by decisions of this court can not again be urged so as to invoke the jurisdiction of this court. The Court of Appeals has jurisdiction to apply such decisions where review is sought of the same constitutional question. In such instances the Court of Appeals, and not the Supreme Court, has jurisdiction of the writ of error. *Morgan County v. Craig*, 213 Ga. 742 (101 SE2d 714). Consequently, it is ordered that this case be

*Transferred to the Court of Appeals. All the Justices concur.*
ARGUED JUNE 13, 1962—DECIDED JULY 2, 1962—
REHEARING DENIED JULY 16, 1962.

*Gambrell, Harlan, Russell, Moye & Richardson, Edward W. Killorin,* for plaintiffs in error.
*Poole, Pearce & Hall, Martin H. Rubin,* contra.