22769.   SENTERS v. WRIGHT & LOPEZ, INC. et al.

ARGUED JANUARY 11, 1965—DECIDED FEBRUARY 4, 1965.

*James I. Parker,* for plaintiff in error.
*O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins,* contra.

Mobley, Justice. 1. As pointed out by the able trial judge, difficulty may be found in understanding why compensation payments, which under the Act cover only lost wages or salary and necessary medical expenses have been subrogated to entire judgments in tort suits which might include damages for pain and suffering, property damages, loss of wages in excess of weekly compensation, and other items entirely unrelated to those losses reimbursed by workmen's compensation. In fact, in this case, the settlement of the tort claim for $9,000, of which $3,000 went to payment of attorney's fees for procuring the settlement, will apparently be entirely consumed by the reimbursement of the compensation insurance carrier, leaving nothing to compensate the employee for his pain and suffering, excess loss of earnings and permanent disability. Furthermore, the compensation carrier shares no part of the expense of procuring the settlement. However, any injustice done the injured employee addresses itself to the wisdom and sense of fairness of the General Assembly, who created the situation.

Claimant attacks the constitutionality of Sec. 4, Ga. L. 1963, pp. 141, 145, on the grounds that it denies him due process of law as provided by the Constitution of Georgia and of the United States and equal protection of the law under the 14th Amendment of the United States Constitution. The statute complained of permits an employer or his insurance carrier to be subrogated to the rights of an injured employee against a third party tortfeasor to the extent of compensation, medical expenses and funeral expenses which he is called upon to pay and creates a lien in favor of the employer against the net recovery or settlement recovered by the employee. The effect of the 1963 amendment to *Code* § 114-403 was to extend subrogation rights to settlements as well as recoveries by judgment.

In the opinion we entertain of this case, we are not able to reach the constitutional question. Whether an employer or employee is subject to the Workmen's Compensation Act of this State is a matter of election or choice with him. Section 114-201 provides "that every employer and employee . . . shall be presumed to have accepted the provisions of this Title, agreeing respectively to pay and accept compensation for personal injury

or death by accident arising out of and in the course of employment, and shall be bound thereby, unless, prior to any accident resulting in injury or death, notice to the contrary shall be given in the manner herein provided . . ." This employee had not rejected the Act prior to his injury. He was covered by the Act, and the Workmen's Compensation Board made an award of compensation to him for medical expenses and loss of wages, as provided in the Act. Judgment of the board in his behalf was final, and the employer and his carrier are bound thereby. He has invoked a judgment in his favor for benefits under the Act.

The Supreme Court of the United States in determining whether the Wisconsin Workmen's Compensation Act deprived the employer of equal protection of the law in violation of the 14th Amendment of the United States Constitution held that the employer "having elected to accept the provisions of the law, and such benefits and immunities as it gives, may not escape its burdens by asserting that it is unconstitutional. The election is a waiver and estops such complaint." Booth Fisheries Co. v. Industrial Commission of Wisconsin, 271 U.S. 208 (46 SC 491, 70 LE 908), citing Daniels v. Tearney, 102 U.S. 415 (26 LE 187) and Grand Rapids & Indiana R. Co. v. Osborn, 193 U.S. 17 (24 SC 310, 48 LE 598). This court follows that ruling of the United States Supreme Court and holds that the claimant will not be heard to claim that the Act violates the 14th Amendment of the United States Constitution.

Left for decision is whether the claimant will be heard to complain that the Act violates the due process clause of the Constitution of Georgia.

This court on several occasions has noted that under the decisions of many courts, including the Supreme Court of the United States, a party has waived his constitutional objection to an Act by voluntarily bringing himself within the provisions of the Act, by electing to come under it and accepting such benefits and immunities as it gives. See *Metropolitan Cas. Ins. Co. v. Huhn,* 165 Ga. 667, 671 (142 SE 121, 59 ALR 719); *Taylor v. Woodall,* 183 Ga. 122, 123 (187 SE 697); *Continental Cas. Co. v. Bump,* 218 Ga. 187 (126 SE2d 783). However, in

neither of those cases did the court make such a ruling even though in *Continental Cas. Co. v. Bump,* supra, at p. 189, the court said that in *Taylor v. Woodall,* supra, the court had so held. See 16 CJS 284, § 90, and 16 Am. Jur. 2d 331, § 135, and 58 Am. Jur. 582, § 11, and authorities there cited, holding that one who voluntarily accepted an Act and the benefits it provides will not be heard to question its constitutionality. It is clearly the established law of this State that one may waive a constitutional right. *Code* § 102-106; *Humphries v. McWhorter & Brightwell,* 25 Ga. 37, 39; *Bradford v. Mills,* 208 Ga. 198 (1) (66 SE2d 58). See also *Hightower v. Hollis,* 121 Ga. 159 (2) (48 SE 969), where this court held that one who goes to trial without objection will not be heard to question the constitutionality of the Act creating the court which tried him.

We are of the opinion that where, as here, a party is given a choice of whether he shall come under the provisions of the Workmen's Compensation Act and does not elect to accept the privilege of rejecting the Act, and then suffers an injury which is compensable under the Act and invokes a judgment from the Workmen's Compensation Board against his employer and his insurance carrier, which becomes a final binding judgment in his favor for benefits provided by the Act, he has waived any privileges he may have had to deny the constitutionality of the Act under which the benefits are payable and he will be estopped to do so.

*Judgment affirmed. All the Justices concur.*