29614. FLINT RIVER MILLS et al. v. HENRY et al.
29615. STATE BOARD OF WORKMEN'S
COMPENSATION et al. v. HENRY et al.

HILL, Justice.

This appeal comes to us upon a petition for injunction and declaratory judgment.

On December 10, 1973, Curtis Henry, an employee of Flint River Mills, suffered an accidental injury which arose out of and in the course of his employment and which caused his death.

At the time of death the deceased employee had six natural children under age 18. Their mother had died in 1971 and these children were living with their maternal grandmother in a home being purchased by their father. Aside from their deceased mother's social security benefits, the deceased employee was the sole source of support for these children.

Following his first wife's death, the deceased employee remarried. At the time of his death, the deceased was living with his second wife, Thelma Brown Henry, and her six children under age 18. These children thus were the stepchildren of the deceased. Their natural mother was employed. Some of these children were receiving social security benefits as a result of their father's death. The evidence is undisputed that the deceased utilized his income for the support of his natural children and contributed nothing for the support of his second wife or her children.

The deceased's natural children filed a workmen's compensation claim. On motion by the employer, the deceased's widow and his stepchildren were made parties. At a hearing before the deputy director of the Board of Workmen's Compensation held on March 11, 1974, the widow testified that she was not seeking workmen's compensation for herself or her children.

Following the close of the record in the workmen's compensation case but prior to decision by the deputy director, this suit was instituted on May 10, 1974, by the deceased's natural children, by next friend, for declaratory judgment that Code § 114-414 is unconstitutional and for injunction restraining the

deputy director from entering an award based thereon. The widow and her children did not answer. The employer, its workmen's compensation carrier, and the board defended the constitutionality of the Act. After a hearing at which the transcript of the workmen's compensation hearing was admitted into evidence, the trial court ruled in favor of the natural children, declaring unconstitutional the provisions of Code § 114-414 which establish a conclusive presumption that stepchildren are wholly dependent upon a stepparent. The employer and its workmen's compensation carrier appealed, as did the board. The natural children of the deceased are the appellees here.

The employer and its compensation carrier assert that *Senters v. Wright & Lopez, Inc.,* 220 Ga. 611 (140 SE2d 904), stands for the proposition that the natural children cannot contest the validity of the Workmen's Compensation Act upon which their claim for compensation is founded. All of the appellants urge that the stepchild provisions of Code § 114-414 are not unconstitutional. We do not reach those issues here.

Plaintiffs could have raised this constitutional challenge in the hearing before the deputy director. If they had, the challenge would have been ruled upon on the appeal to the superior court, as was done in *Senters,* supra. See also *State Hwy. Dept. v. Bass,* 197 Ga. 356 (29 SE2d 161), *Kelley v. County of Newton,* 198 Ga. 483 (32 SE2d 99), *State Hwy. Dept. v. Turner,* 198 Ga. 795 (32 SE2d 805).

We recognize that where the constitutional validity of a statute is challenged before an administrative hearing officer or board, such officer or board is powerless to declare the Act unconstitutional, and resolution of the constitutional question must await judicial review on appeal. Thus the making of such constitutional challenge before the hearing officer or board appears futile at the time of its making.

However, we view with grave concern the possible disruption of administrative procedures if courts, including this court on appeal, commence exercising jurisdiction to enjoin administrative proceedings already in progress and to issue declaratory judgments as to

decisions about to be made by administrative tribunals.[1]

The decisions of this court hold that where a statute provides a party with a means of review by an administrative agency, such procedure is generally an adequate remedy at law so as to preclude the grant of equitable relief. *Bishop v. Bussey,* 164 Ga. 642 (2) (139 SE 212); *Guice v. Pope,* 229 Ga. 136 (189 SE2d 424).

Other decisions hold that an action for declaratory judgment will not be entertained where the rights of the parties have already accrued and the plaintiff faces no risk of taking future undirected action. *Salomon v. Central of Georgia R. Co.,* 220 Ga. 671, 672 (141 SE2d 424); *Holcomb v. Bivens,* 103 Ga. App. 86 (118 SE2d 840), and cases cited. This rule is particularly applicable where the rights of the parties have accrued and those rights are actually in the process of being adjudicated by another tribunal. In our view, courts should not render advisory opinions (declaratory judgments) to administrative tribunals as such tribunals proceed, step by step, to perform their administrative function.

The plaintiffs' petition to enjoin the deputy director of the Workmen's Compensation Board from making any ruling in the matter of Curtis Henry, deceased, Henry v. Flint River Mills, therefore should have been denied on the ground that plaintiffs had an adequate administrative remedy at law, and plaintiffs' petition for declaratory judgment should have been denied on the ground that declaratory judgment will not be granted where the rights of the parties have accrued and are being adjudicated by an administrative tribunal. For the

---

[1]In making this statement we do not impugn the motives of the plaintiffs or their counsel in instituting this suit. The record in this case shows that this suit was filed, defended and decided in a good faith attempt to resolve the issues presented. We cannot, however, judge the good faith of the litigants who in days to come might undertake to use this procedure to disrupt administrative proceedings. Even the denial of a prayer for a disruptive injunction could be appealed and the pendency of such appeal could interfere with the administrative process.

foregoing reasons the judgment of the trial court must be reversed.

*Judgment reversed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Jordan and Hall, JJ., who dissent.*

ARGUED FEBRUARY 10, 1975 — DECIDED MAY 13, 1975.

*Swift, Currie, McGhee & Hiers, Glover McGhee, Gregg Studdard,* for Flint River Mills et al.

*Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* for State Board of Workmen's Compensation et al.

*Ben Kirbo, Ralph C. Smith, Jr., Wayne P. Yancey, Glover McGhee,* for appellees.