## A89A1381. TAMAS v. CITY OF ATLANTA.
### (388 SE2d 721)

BIRDSONG, Judge.

Edward F. Tamas appeals the dismissal of his petition for a declaratory judgment concerning the use of his property in the City of Atlanta (the City). This case is part of a continuing dispute between appellant and the City over the property which is located in the Druid Hills Historic District. The property is zoned residential, but Tamas wants to convert it to office use. Earlier efforts to do so were unsuccessful and an appeal of those decisions was pending in the Supreme Court of this state at the time this action was filed.

This appeal is based upon an application for a certificate of appropriateness which must be issued by the city's Urban Design Commission before the property can be used for offices. Tamas contends that he submitted a proper application for the certificate, and since the application was not acted upon within 45 days, it was deemed approved according to local ordinance. He, therefore, began to advertise the property as office space until the City compelled him to stop.

The City contends, however, that under the ordinance the 45-day rule only applies to complete applications, and that Tamas' application was incomplete because it did not contain the information required. Further, the City contends that Tamas was advised that the application did not conform to the regulations, but that he left it with the Commission anyway. The City also contends that within the 45-day period the incomplete application was returned to Tamas and

that the deficiencies were again noted in the letter returning the application.

Tamas sought a declaratory judgment that his application for the certificate of appropriateness was granted by operation of law when his application was not acted upon within the time prescribed (Count I); that the use of the zoning ordinance is unlawful because it conflicts with state law (Count II); that the zoning ordinance was unconstitutional (Count III); and that he be awarded certain sums as damages (Count IV). The City answered the petition and then moved to dismiss the petition. The motion contended that as to Count I the zoning ordinance only applied to completed applications, as to Count II the zoning ordinance is specifically exempted from the conflicting state laws; and as to Counts III and IV, the claims had not been brought to local zoning authorities or were barred by res judicata. The trial court granted the motion to dismiss without explanation.

The sole enumeration of error is that the trial court. erred as a matter of law in granting the motion to dismiss. *Held*:

Appellant's brief asserts that only three procedural vehicles are available to secure the dismissal of his petition, i.e., dismissal for failure to state a claim, judgment on the pleadings, and summary judgment; and seeks to demonstrate why each is not applicable to this case. We note from the record that no title was given the motion other than a motion to dismiss. Further, mere nomenclature is not important, *Jones v. Spindel*, 128 Ga. App. 88, 103 (196 SE2d 22), as it is the substance and function of the motion which controls. *Holloway v. Frey*, 130 Ga. App. 224, 227 (202 SE2d 845). Appellant's arguments may be technically correct in general, but they are not particularly relevant to this appeal.

The real issue presented here is whether declaratory judgment is available in this case in view of the available administrative procedures which can be followed by appeal to the superior court. Of course, the trial judge properly dismissed Count III since constitutional challenges in these cases cannot be raised for the first time in the superior court (*Lafave v. City of Atlanta*, 258 Ga. 631, 632 (373 SE2d 212)) and properly dismissed Count IV since damages may not be recovered in a declaratory judgment action. *Calvary &c. Church v. City of Rome*, 208 Ga. 312 (66 SE2d 726). Moreover, Count II is meritless because the terms of the state law which Tamas alleges are in conflict with the local ordinance exempt the City from its application; and, further, this argument was raised for the first time in the superior court.

Generally, courts should not intervene in the administrative process (*Flint River Mills v. Henry*, 234 Ga. 385, 386-387 (216 SE2d 895)), because to do so would needlessly disrupt normal procedure and burden the courts with decisions inceptively beyond their exper-

tise. *Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226). Further, administrative agencies provide high expertise within their specialized fields generally unavailable in the courts and their decisions are not to be "taken lightly or minimized by the judiciary." *Bentley v. Chastain*, 242 Ga. 348, 350-351 (249 SE2d 38).

In this instance, Tamas asked the trial court to intervene in a process within the jurisdiction of the administrative agency vested with the authority to make such decisions and to declare whether the agency correctly returned his application for the additional information which the agency deemed necessary to evaluate his application for a certificate of appropriateness. For the court to do as Tamas sought would be an unwarranted intervention in the administrative process and would frustrate the beneficial purpose of the agency. Courts generally should not intervene in the administrative process as an agency performs its administrative function. To permit a declaratory judgment at each stage of an administrative proceeding would totally frustrate the process. The trial court properly refused to entertain the declaratory judgment action. *George v. Dept. of Natural Resources*, 250 Ga. 491, 492-493 (299 SE2d 556).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 9, 1989 —
REHEARING DENIED NOVEMBER 22, 1989 —

*Richard P. Parker*, for appellant.
Edward Tamas, *pro se.*
*Robert L. Zoeckler, Marva Jones Brooks, David D. Blum*, for appellee.