### 47170. MacLAFFERTY v. DEPARTMENT OF PUBLIC SAFETY.
### 47184. POPE v. GARDNER.

PER CURIAM. In Re: #47170: At hearings held pursuant to the "Implied Consent Law" (*Code Ann.* § 68-1625.1; Ga. L. 1968, pp. 448, 452), the hearing officer *must* make

findings of fact (1) that the offending motorist was advised by the arresting officer of the statute requiring the motorist to submit to a chemical test of his or her blood or breath for the purpose of determining the alcoholic content of his or her blood, *and* (2) that failure to do so will result in the suspension of his or her privilege to operate a motor vehicle for a period of six months. Thereafter, the hearing officer *must* render a conclusion of law covering these findings of fact to afford a legal basis for his or her order suspending the motorist's privilege to operate a vehicle for six months. Where the offending motorist seeking judicial review of such suspension order shows that *both* of the above mentioned findings of fact were not made, the order will be held to be unauthorized.

The Administrative Procedure Act (*Code Ann.* § 3A-120 (b); Ga. L. 1964, pp. 338, 354) does not require that the offending motorist make a motion for rehearing prior to seeking judicial review. See *Code Ann.* § 3A-120 (b).

In Re: #47184: A person operating a motor vehicle upon the public streets and highways of this State is deemed to have given his or her consent to a chemical test of his or her breath or blood for the purpose of determining the alcoholic content of his or her blood (*Code Ann.* § 68-1625.1 (a)). The offending motorist's unwillingness to elect which of the two tests he or she will take, amounts to a "failure to submit to such a chemical test," (*Code Ann.* § 68-1625.1 (a)) and authorizes the suspension of his or her privilege to operate a motor vehicle for six months.

"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." *Code Ann.* § 3A-120 (h) (Ga. L. 1964, pp. 338, 354).

*Judgment reversed in both cases. Bell, C. J., Evans and Stolz, JJ., concur.*

ARGUED MAY 2, 1972—DECIDED JUNE 22, 1972—
REHEARING DENIED JULY 10, 1972—

*Stack, O'Brien & Neely, Edgar A. Neely, III, Timothy N. Skidmore,* for MacLafferty.

*Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Courtney Wilder Stanton, Dorothy T. Beasley, W. Hensell Harris, Jr.,* Assistant Attorneys General, for Dept. of Public Safety.

*Richard L. Powell,* for Gardner.