27477. DEPARTMENT OF PUBLIC SAFETY v. MACLAFFERTY.

ARGUED NOVEMBER 14, 1972—DECIDED JANUARY 4, 1973.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellant.

*Stack, O'Brien & Neely, John H. Paer,* for appellee.

GRICE, Presiding Justice. Certiorari was granted in this case because of a question of construction of certain provisions of the Georgia Administrative Procedure Act (Ga. L. 1964, p. 338 et seq; 1965, p. 283 et seq.; Code Ann. Ch. 3A-1). Specifically involved are Sections 18 and 20 of the Act (Code Ann. §§ 3A-118, 3A-120), authorizing agency and judicial review in the enforcement of the state's "Implied Consent Law" (Ga. L. 1968, pp. 448, 452; Code Ann. § 68-1625.1).

The record shows that the Department of Public Safety notified Wanda MacLafferty that it was suspending her driver's license for failure to submit to a chemical blood or breath test at the request of a police officer who believed she was driving while intoxicated. Mrs. MacLafferty requested and was granted a hearing by an official of the Department of Public Safety who rendered a decision on August 2, 1971, suspending her license. By certified mail on September 14, 1971, Mrs. MacLafferty was "officially notified that by operation of law the initial decision rendered under the Implied Consent Law the 2nd day of August, 1971, became the Final Decision

of the Department of Public Safety September 2, 1971 . . . Said suspension is effective September 15, 1971 . . ."

On October 14, 1971, without having applied to the Department of Public Safety for review, Mrs. MacLafferty filed a "Petition for Review of Administrative Decision and Motion to Reverse or Modify Such Decision" in the Superior Court of Fulton County. The petition stated that it was brought "pursuant to the Georgia Administrative Procedure Act, § 3A-120, and within the time allowed by law . . . for judicial review of the final decision of the Georgia Department of Public Safety . . ."

The petition alleged that the decision of the Department was prejudicial to Mrs. MacLafferty's rights because the administrative findings and inferences, and the decisions based thereupon, were in violation of her right to due process; in excess of its statutory authority; erroneous by law and under the evidence since the Department failed to specifically find that she was properly advised that her failure to submit to a chemical test would result in suspension of her driver's license as required by Code Ann. § 68-1625.1 (a); and for other reasons not necessary to state here.

The superior court affirmed the decision of the Department of Public Safety.

The Court of Appeals reversed. *MacLafferty v. Department of Public Safety,* 126 Ga. App. 631, 632 (191 SE2d 490). It held (1) that the hearing officer must make findings of fact that the offending motorist was advised by the arresting officer of the statute requiring submission to a chemical test, and that failure to do so will result in suspension of the driver's license; and also (2) that the Georgia Administrative Procedure Act (Code Ann. § 3A-120 (b); Ga. L. 1964, pp. 338, 354) does not require that the offending motorist make a motion for rehearing prior to seeking judicial review.

The Department of Public Safety urges that the Court

of Appeals erred because a "rehearing" as contemplated by the Act is not involved in this case; and that this feature is critical to the question of the superior court's jurisdiction to consider Mrs. MacLafferty's complaint.

The Department contends that agency review provided in the Georgia Administrative Procedure Act is a necessary step in the exhaustion of administrative remedies required by the Act as a prerequisite to judicial review; and that the scope of judicial review is limited under the Act to those objections upon which the agency (the seven member Department of Public Safety) has had an opportunity to rule.

We agree.

Several provisions of the Georgia Administrative Procedure Act, hereinafter referred to as "the Act," bear upon the situation here.

Code Ann. § 3A-118 (a) states in essential part as follows: "In contested cases in which the agency has not presided at the reception of the evidence, the agency representative who presided shall initially decide the case or the agency shall require the entire record before the agency representative to be certified to it for initial decision . . . and in the absence of an application to the agency within 30 days from the date of notice of the initial decision for review, or an order by the agency within such time for review on its own motion, such initial decision shall, without further proceedings, become the decision of the agency."

Code Ann. § 3A-120 (a) provides: "Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Chapter. This section does not limit utilization of or the scope of judicial review . . . redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would

not provide an adequate remedy."

Code Ann. § 3A-120 (b), as pertinent here, states: "Proceedings for review are instituted by filing a petition within 30 days after the service of the final decision of the agency or, if a rehearing is requested, within 30 days after the decision thereon."

Code Ann. § 3A-120 (c) recites: "Irrespective of any provisions of statute or agency rule with respect to motions for rehearing or reconsideration after a final agency decision or order, the filing of such a motion shall not be a prerequisite to the filing of any action for judicial review or relief: Provided, however, no objection to any order or decision of any agency shall be considered by the court upon petition for review unless such objection shall have been urged before the agency."

It is urged that construction of Code Ann. § 3A-118 (a), supra, allows a party dissatisfied with the initial decision rendered by the hearing officer to bypass the review available within the agency and directly seek judicial review in the courts.

In our view this cannot be done.

Code Ann. § 3A-118 (a), supra, insofar as relevant here, establishes a procedure by which contested administrative cases can be heard and determined by a hearing officer who represents the agency (the Department of Public Safety).

The initial decision of the hearing officer has no immediate effect on a driver's license. The aggrieved party is given notice and the opportunity to have that decision reviewed by the agency. It is only when 30 days have elapsed without request for review that the initial decision automatically becomes enforceable as the decision of the agency.

This 30-day period for an aggrieved party to act prevents him from keeping the initial decision in abeyance indefinitely. Also it serves to activate *that* decision as the *final* agency decision without requiring

the agency itself to review all cases decided initially by a hearing officer, whether contested or not contested.

This analysis of Code Ann. § 3A-118 (a) is required for it to conform to, instead of conflicting with, Code Ann. § 3A-120, which provides for judicial review, by "any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision . . ."

The exception in Code Ann. § 3A-120 (c) to the effect that the filing of a motion for rehearing or reconsideration "shall not be a prerequisite to the filing of any action for judicial review or relief" is not applicable here. There is a distinction between an application for agency review and a motion for rehearing or reconsideration under the Act.

In our view, a rehearing or reconsideration contemplates a second, a de novo, consideration of a cause or a retrial of the issues; while a review involves only the examination of the record by an appellate tribunal and consideration for the purpose of correction. See Black's Law Dictionary (4th Ed.).

The facts here show that the respondent MacLafferty did not apply to the agency for review of the initial decision before a hearing officer, and did not ask the agency (the Department of Public Safety) to rehear or reconsider the final decision which became automatic after 30 days. She merely asked for a hearing which resulted in the initial decision, and did not complain about that until the time for application for agency review had expired.

Therefore we agree that Code Ann. § 3A-120 (c) did not require the respondent to file a motion for *rehearing* or *reconsideration* under the circumstances here in order to institute proceedings for judicial review under Code Ann. § 3A-120 (b). The exception made therein as to agency rehearings *after* a final agency decision does not apply unless intermediate agency action would not provide an

adequate remedy, as set forth in subsection (a), which was not alleged in this case.

However, no provision of the Act permitted her to ignore the prerequisite of *agency review* of an initial decision before petitioning the courts for relief.

Here, the respondent for this reason had no standing to complain of the hearing officer's initial decision because she did not exhaust her administrative remedies by applying to the agency for review of his decision. Thus, the superior court was correct, and the Court of Appeals erroneously considered the case on its merits.

A review by the agency would have afforded the opportunity of satisfying the respondent's complaint as to the findings of the hearing officer's initial decision by affirmative action, by resort to the evidence before it.

But here, the holding of the Court of Appeals would require the superior court to pass upon an administrative complaint when the agency had not been required to do so. This is contrary to a basic principle of administrative law. The Act seeks to avoid this result so that agencies such as the Department of Public Safety can deal with disputes at the agency level, and with its own personnel without burdening the courts, except as a last resort.

In essence, the decision of the Court of Appeals fails to recognize that the Department of Public Safety is the first step of review of its own personnel's actions.

We therefore conclude that the decision of the Court of Appeals is erroneous for two reasons, separate and independent of each other.

First, the respondent did not exhaust all administrative remedies available within the agency itself.

Second, she did not complain to the agency of the specific matters sought to be litigated in court as required by Code Ann. § 3A-120 (c).

For the foregoing reasons the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*