48665. DEPARTMENT OF PUBLIC SAFETY v. FOREMAN.

STOLZ, Judge. The appellee appealed directly to the superior court from the hearing officer's initial decision upholding the suspension of the appellee's motor vehicle operator's permit by the appellant department under the "Implied Consent Law" (Ga. L. 1968, pp. 448, 452; Code Ann. § 68-1625.1). The trial court granted the department's motion to dismiss the appeal as to all matters contained therein, except as to questions (raised for the first time in that court) as to the constitutionality of the said "Implied Consent Law" and of the department's rules and regulations. The department appeals from the failure to grant

its motion in toto. *Held:*

1. "Exhaustion of *all* administrative remedies available within the Department of Public Safety is necessary for judicial review of a final decision in a contested case under the Georgia Administrative Procedure Act (Ga. L. 1964, pp. 338, 339; 1965, pp. 283, 284; Code Ann. Ch. 3A-1)." (Emphasis supplied.) *Dept. of Public Safety v. MacLafferty,* 230 Ga. 22 (1) (195 SE2d 748). ". . . [A]gency review provided in the Georgia Administrative Procedure Act is a *necessary* step in the exhaustion of administrative remedies required by the Act as a prerequisite to judicial review . . ." (Emphasis supplied.) *MacLafferty,* supra, p. 25.

2. "The scope of judicial review is limited under the aforesaid Act to those objections upon which the agency has had an opportunity to rule." *MacLafferty,* supra, (2). The fact that one basis, or even the sole basis, of a respondent's complaint as to the hearing officer's initial decision is a constitutional attack, does not eliminate the necessity for agency review as a prerequisite to judicial review. One of the reasons given for the ruling in *MacLafferty* was that the respondent "did not complain to the agency of the *specific matters sought to be litigated in court* as required by Code Ann. § 3A-120 (c)." *MacLafferty,* supra, p. 28. We note that one of the complaints alleged in *MacLafferty,* supra, was the violation of her right to due process — a constitutional question.

In the absence of statutory or case law making an exception to the requirement of agency review as a prerequisite to judicial review in cases in which constitutional issues are sought to be raised, we decline to make such exception.

Accordingly, the trial judge erred in failing to grant the motion to dismiss in toto, and the judgment is reversed and the case is remanded to the superior court with direction that an order be entered granting the motion to dismiss in toto.

*Judgment reversed with direction. Eberhardt, P. J., and Pannell, J., concur.*

Argued October 5, 1973 — Decided October 24, 1973

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellant.

*McDonald & Dupree, James D. Stokes,* for appellee.