## 34528. GEORGIA REAL ESTATE COMMISSION v. BURNETTE.

NICHOLS, Chief Justice.

The Georgia Real Estate Commission appeals from an order of the superior court setting aside the Commission's order suspending Burnette's real estate broker's license for a period of 90 days. Burnette had appealed to the superior court pursuant to Section 20 of the Administrative Procedure Act. Code Ann. § 3A-120.

1. The superior court erred in passing upon Burnette's objections relating to the composition of the Commission because those objections first were urged in the superior court, rather than before the Commission. Code Ann. § 3A-120(c); *Dept. of Public Safety v. MacLafferty,* 230 Ga. 22 (195 SE2d 748) (1973); *Clark v. Ga. Real Estate Comm.,* 129 Ga. App. 741 (200 SE2d 926) (1973); *Dept. of Public Safety v. Foreman,* 130 Ga. App. 71 (202 SE2d 196) (1973). The authorization to the superior court set forth in Code Ann. § 3A-120 (g) to hear evidence relating to alleged irregularities in procedure before the agency that are not shown in the record is an exception to the principle that review by the superior court shall be confined to the record but is not an exception to the principle stated in Code Ann. § 3A-120(c) requiring objections to agency decisions or orders to be urged in the first instance before the agency. The case of *Olley Valley Estates v. Fussell,* 232 Ga. 779 (208 SE2d 801) (1974) is inapposite as it did not involve review of an agency order in accordance with the Administrative Procedure Act.

2. The "any evidence rule" applies to review of agency findings of fact. *Hall v. Ault,* 240 Ga. 585 (242 SE2d 101) (1978). There was evidence to support the Commission's findings. The trial court erred in substituting its judgment for that of the agency as to the weight of the evidence. Code Ann. § 3A-120 (h); *Flowers v. Ga. Real Estate Comm.,* 141 Ga. App. 105 (232 SE2d 586) (1977).

3. The trial court erred also by reaching and deciding the constitutionality of Ga. L. 1973, pp. 100, 117, (Code Ann. § 84-1421 (24)), because no constitutional challenge was made during the proceedings before the

agency. *Flint River Mills v. Henry,* 234 Ga. 385 (216 SE2d 895) (1975); *Dept. of Public Safety v. Foreman,* 130 Ga. App. 71 (202 SE2d 196) (1973).

*Judgment reversed. All the Justices concur.*

SUBMITTED FEBRUARY 2, 1979 — DECIDED APRIL 17, 1979.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellant.

*William T. Johnson,* for appellee.