## 35394. BROGDON v. STATE BOARD OF VETERINARY MEDICINE.

BOWLES, Justice.

This appeal is from an order of the Superior Court of Thomas County dismissing an action for declaratory relief brought by Vernon D. Brogdon, D. V. M. against the State Board of Veterinary Medicine.

Pursuant to the Veterinary Practice Act, Code Ann. § 84-1501 et seq., as amended, and the Administrative Practice Act, Ga. L. 1964, p. 338, as amended (Code Ann. § 3A-101 et seq.) the appellee State Board of Veterinary Medicine issued a notice of hearing against Vernon D. Brogdon, D. V. M., and an administrative hearing was scheduled to consider allegations that Dr. Brogdon violated Code Ann. § 84-1509 in his practice of veterinary medicine. The parties consented that the matter be scheduled for hearing on March 23, 1979.

On March 22, 1979, Dr. Brogdon filed an action in the Superior Court of Thomas County against the State Board seeking declaratory judgment and other relief. A temporary restraining order was granted, enjoining the State Board from proceeding with the disciplinary hearing as scheduled. The State Board filed an answer to the suit for declaratory relief and also a motion to dismiss.

On April 25, 1979, a hearing was held by the Superior Court of Thomas County on Dr. Brogdon's complaint. At the hearing it was stipulated that the only issues to be decided by the superior court were issues of law which were raised in the State Board's motion to dismiss. Dr. Brogdon's complaint attacked the Veterinary Practice Act, as amended, and all rules and regulations promulgated therewith and the Administrative Procedure Act, as amended, and all rules and regulations adopted therewith, for the reason that they violate certain stated provisions of the Constitution of Georgia.

The superior court granted appellee's motion to dismiss Dr. Brogdon's complaint and the temporary restraining order was vacated. Dr. Brogdon then filed a notice of appeal to this court and a motion to restore the injunction. The superior court granted Dr. Brogdon's motion to reinstate the injunction in part. The order

provided that the writ of supersedeas would allow the State Board to proceed with the disciplinary hearing on Dr. Brogdon's license, and permitted the State Board to announce its decision. It provided, however, that the decision of the State Board would not be effective and enforceable until ten days after the remittitur in this appeal was filed in the superior court. The State Board held the disciplinary hearing regarding Dr. Brogdon's license to practice veterinary medicine on July 16, 1979. In the course of the hearing Dr. Brogdon raised the same constitutional objections he asserted in his complaint before the superior court. The decision of the State Board has not been rendered at this time. The question presented on appeal is whether, when the rights of the parties are actually in the process of being adjudicated by an administrative tribunal, a court should refrain from enjoining the administrative proceeding and issuing declaratory judgments as to decisions about to be made by the administrative tribunal.

We affirm.

An action for declaratory judgment will not be entertained where the rights of the parties have already accrued and the plaintiff faces no risk of taking future undirected action. Where a statute provides a party with a means of review by an administrative agency, such procedure is generally an adequate remedy at law so as to preclude the grant of equitable relief. *Flint River Mills v. Henry,* 234 Ga. 385 (216 SE2d 895) (1975). Compare *Ga. Real Estate Comm. v. Burnette,* 243 Ga. 516 (255 SE2d 38) (1979).

The trial court did not err in sustaining the State Board's motion to dismiss appellant's complaint.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1979 — DECIDED NOVEMBER 6, 1979— REHEARING DENIED NOVEMBER 27, 1979.

*Whitehurst, Cohen & Blackburn, William H. Blackburn, A. J. Whitehurst,* for appellant.

*Arthur K. Bolton, Attorney General,* for appellee.