## 36571. CARNES et al. v. CRAWFORD.

HILL, Justice.

In 1970, the General Assembly enacted the Georgia Peace Officers Standards and Training Act (hereinafter POST, Ga. L. 1970, p. 208; Code Ann. § 92A-2101 et seq.). The act defined peace officers to include any full-time officer or member of a municipal or county law enforcement unit who has the power of arrest and is responsible for enforcing the criminal laws of the state or its political subdivisions. Section 8 of the act (Code Ann. § 92A-2108) originally provided in part that "After the effective date of this Chapter, any person employed or certified as a peace officer shall: . . . (d) Not have been convicted by any State or by the Federal Government, of any crime, the punishment for which could have been imprisonment in the Federal or State prison or institution; nor shall he have been convicted of sufficient misdemeanors to establish a pattern of disregard for the law." The act became effective July 1, 1970.

William Crawford pled guilty to the offense of theft by taking (Code § 26-1802) property valued at $168 in 1971. At that time, a violation of Code § 26-1802 constituted a felony if the value of the property taken exceeded $100 (Ga. L. 1968, pp. 1249, 1295).

In 1975 Crawford received a first offender pardon for this offense from the State Board of Pardons and Paroles which provided that his disabilities were removed and his civil and political rights were restored. Later that year he was employed by the City of Chamblee police department.

In 1976, Section 8(d) of the POST act, quoted above, was amended to add a proviso (Ga. L. 1976, p. 1563; Code Ann. § 92A-2108 (d)), as follows: "provided the same shall not apply to violation of traffic laws and cases involving the operation of motor vehicles when the applicant has received a pardon."[1]

Code § 26-1812 (a) was amended in 1978 to provide that the

---

[1] As amended in 1976, section 8(d) reads as follows: "Not have been convicted by any State or by the Federal Government, of any crime, the punishment for which could have been imprisonment in the Federal or State prison or institution; nor shall he have been convicted of sufficient misdemeanors to establish a pattern of disregard for the law; provided the same shall not apply to violation of traffic laws and cases involving the operation of motor vehicles when the applicant has received a pardon."

taking of property valued in excess of $200 is a felony (a misdemeanor if $200 or less). Ga. L. 1978, p. 1457.

In late 1979, the City of Chamblee processed Crawford's application for certification as a peace officer to the Peace Officers Standards and Training Council. The director of the certification division notified Crawford that his application was denied due to his felony conviction and advised him that pursuant to the Administrative Procedure Act he could make written request within 30 days for a hearing.

Crawford requested the administrative hearing and the hearing officer found that the pardon did not make Crawford eligible for certification. Instead of seeking review by the agency (the POST Council), Crawford filed in DeKalb Superior Court a petition for mandamus alleging the facts pertinent to him set forth above and claiming a clear legal right to relief based on Code Ann. §§ 2-501, 77-528 and 27-2701. The mandamus issued; the POST Council and its director appeal; we reverse.

The right to the extraordinary writ of mandamus exists only upon meeting a two prong test: (1) the applicant must demonstrate a clear legal right to the relief sought, and (2) there must be no other adequate remedy. *Hatcher v. Hancock County Commrs.,* 239 Ga. 229, 231 (236 SE2d 577) (1977); *Ungar v. Mayor &c. of Savannah,* 224 Ga. 613, 614 (163 SE2d 814) (1968); *State Highway Dept. v. Reed,* 211 Ga. 197 (3) (84 SE2d 561) (1954); *Wofford Oil Co. v. City of Calhoun,* 183 Ga. 511, 513 (189 SE 5) (1936); *Lindsey v. Board of Commrs.,* 169 Ga. 368 (150 SE 261) (1929); Code § 64-101. Of course, the other remedy must be adequate. *Jones v. Nelson,* 202 Ga. 732 (1) (45 SE2d 62) (1947); *Adams v. Town of Weston,* 181 Ga. 503, 504 (183 SE 69) (1935). However, expectation that utilization of the other remedy will result in an adverse decision does not render the other remedy inadequate.

Here the petitioner had had an administrative hearing before a hearing officer pursuant to the Administrative Procedure Act (APA) as shown by the allegations of his petition. That hearing officer had entered findings of fact and conclusions of law adverse to Crawford as shown by an exhibit to the petition.

Code Ann. § 3A-118 (a) of the APA provides, in effect, that in

---

The 1976 amendment (Senate Bill 696) was introduced (Senate Journal 1976, p. 1430) within days after the Attorney General issued an opinion (Atty. Gen. 76-9) finding that a pardon removing civil disabilities on a person convicted of a felony does not eliminate such conviction as one which would disqualify an applicant under the 1970 POST act.

contested cases where the hearing officer makes the initial decision, that decision becomes the decision of the agency if within 30 days there is no application for review by the agency. Subsections (a) and (b) of Code Ann. § 3A-120 provide that any aggrieved person who has exhausted all administrative remedies within the agency is entitled to judicial review by means of a petition for review filed in superior court. In *Dept. of Public Safety v. MacLafferty,* 230 Ga. 22 (195 SE2d 748) (1973), this court held that under the APA exhaustion of administrative remedies available within the agency was necessary for judicial review of a final decision in a contested case, and that an aggrieved person who failed to seek review by the agency of an initial decision of a hearing officer had failed to exhaust administrative remedies. Like MacLafferty, Crawford failed to seek review by the agency of the hearing officer's initial decision and hence failed to exhaust administrative remedies. See also *Dept. of Public Safety v. Foreman,* 130 Ga. App. 71 (1) (202 SE2d 196) (1973).

Code Ann. § 3A-120 (a), supra, also provides: "This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." These provisions do not repeal the second requirement for issuance of the writ of mandamus that there must be no other adequate remedy.

We find that the administrative remedies in the Administrative Procedure Act provide an adequate remedy and that failure to exhaust those remedies precludes issuance of the extraordinary writ of mandamus. See *Dept. of Public Safety v. MacLafferty, Dept. of Public Safety v. Foreman,* supra. The statement in 1 EGL 314, Administrative Law, § 19 (1977), that "The statutory writ of mandamus in Georgia is a very useful device to secure judicial review of administrative decisions" should not be read as including administrative decisions under the APA. Even following an agency decision there is a remedy; i.e., judicial review is provided in Code Ann. § 3A-120.

Crawford argues that the POST Council did not urge exhaustion of remedies in the court below and that the record does not support this defense. On the contrary, the record affirmatively shows that Crawford was notified that he could, and did, proceed under the Administrative Procedure Act until the hearing officer rendered the initial decision against him. He seeks mandamus and must satisfy the two prerequisites therefor. He cannot now complain that he did not know the APA was applicable to him.

*Judgment reversed. All the Justices concur.*

Argued September 9, 1980 — Decided November 14, 1980.

*Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellants.
*John L. Blandford,* for appellee.