A10A0229. HUMPHREY v. THE STATE.
(689 SE2d 102)

BLACKBURN, Presiding Judge.
Kevin Humphrey, acting pro se, appeals the denial of his motion to terminate his probation, arguing that OCGA § 17-10-1 (a) (2)

878

mandates that his probation terminate after two years. For the reasons set forth below, we affirm.

The undisputed record shows that on July 29, 2003, Humphrey was indicted on two counts of child molestation[1] and one count each of aggravated child molestation,[2] enticing a child for indecent purposes,[3] and possession of marijuana.[4] On October 23, 2003, Humphrey pled guilty to one count of child molestation pursuant to a negotiated plea agreement. He was sentenced to 20 years of probation, with two years to be served in confinement in a probation detention center. On June 22, 2009, Humphrey filed a motion to terminate the remainder of his probation, arguing that his probation was required to be terminated after two years, pursuant to OCGA § 17-10-1 (a) (2). The trial court denied Humphrey's motion, and this appeal followed.

In his sole enumeration of error, Humphrey contends that the trial court erred in denying his motion to terminate his probation, arguing that the language of OCGA § 17-10-1 (a) (2) required his probation to be terminated after two years. This contention is without merit.

"The cardinal rule in construing a legislative act, is to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." (Citations and punctuation omitted.) *Cox v. Fowler*.[5] In addition, "[s]tatutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation." (Citation and punctuation omitted.) *Trax-Fax, Inc. v. Hobba*.[6]

OCGA § 17-10-1 (a) (2) provides:

> Probation *supervision* shall terminate in all cases no later than two years from the commencement of probation supervision unless specially extended or reinstated by the sentencing court upon notice and hearing and for good cause shown; provided, however, in those cases involving the collection of fines, restitution, or other funds, the period of supervision shall remain in effect for so long as any such obligation is outstanding, or until termination of the sen-

---

[1] OCGA § 16-6-4 (a).

[2] OCGA § 16-6-4 (c).

[3] OCGA § 16-6-5 (a).

[4] OCGA § 16-13-30 (j) (1).

[5] *Cox v. Fowler*, 279 Ga. 501, 502 (614 SE2d 59) (2005).

[6] *Trax-Fax, Inc. v. Hobba*, 277 Ga. App. 464, 466 (2) (a) (627 SE2d 90) (2006).

tence, whichever first occurs. Probation supervision shall not be required for defendants sentenced to probation while the defendant is in the legal custody of the Department of Corrections or the State Board of Pardons and Paroles.

(Emphasis supplied.) As is made plain by the statute's specific language, *supervision* of probation, not probation itself, terminates after two years unless otherwise extended or reinstated. For those sentenced to probation for longer than two years, at the end of the two-year supervised period provided in the statute, the probation does not end but merely becomes unsupervised. Humphrey's interpretation of the statute would require this Court to assume that the legislature intended to prescribe a two-year limit for the majority of probated sentences. We are under no duty to accept "a construction of a statute which will result in unreasonable consequences or absurd results not contemplated by the legislature." *Haugen v. Henry County*.[7] See *Latham v. State*.[8] Accordingly, we find that the trial court did not err in denying Humphrey's motion to terminate the remainder of his probation.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED DECEMBER 30, 2009 —
RECONSIDERATION DENIED JANUARY 7, 2010 — ■

Kevin Humphrey, *pro se.*
*Kelly R. Burke, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.

---

[7] *Haugen v. Henry County*, 277 Ga. 743, 746 (2) (594 SE2d 324) (2004).
[8] *Latham v. State*, 225 Ga. App. 147, 149 (483 SE2d 322) (1997).
[1] 285 Ga. 818 (684 SE2d 617) (2009).
[2] 293 Ga. App. 112 (666 SE2d 426) (2008).