A11A0210. WRIGHT v. DUE WEST ANIMAL CLINIC, P.C.
(713 SE2d 407)

ADAMS, Judge.

Angela M. Wright, DVM, is a licensed veterinarian, who worked briefly as a relief veterinarian at Due West Animal Clinic, P.C. During the course of her work at Due West, Wright treated a dog belonging to Yvonne Matthews.[1] Matthews subsequently filed a complaint with the State Board of Veterinary Medicine concerning Wright's treatment of her dog. Wright's attorney contacted Due West on several occasions requesting copies of the treatment records she prepared in connection with Matthews' dog for use in responding to the complaint and to the Board's ensuing investigation. Due West declined to

---

[1] Wright asserts in her petition that she resigned from the clinic the same day she performed surgery on Matthews' dog.

produce the documents, however, because the owner of the dog had requested that the records not be released and Due West's owner felt obligated to honor that request. Nevertheless, Due West indicated that it would comply with any subpoena or document request. Wright subsequently filed a "Petition to Compel Production of Documents" in the superior court, and Due West moved to dismiss for lack of subject matter jurisdiction and the failure to join an indispensable party. The trial court granted the motion finding that it lacked subject matter jurisdiction, and Wright appeals. We affirm.

Georgia's Veterinary Practice Act, OCGA § 43-50-1 et seq., grants the State Board of Veterinary Medicine the power to discipline veterinarians and to conduct investigations. OCGA § 43-50-21 (a) (2), (3). Under OCGA § 43-50-41 (h) (1), the Board and those acting on its behalf have subpoena power to obtain documents to aid in such investigations. And, in fact, Due West indicated in its answer that it had furnished the Board with the documents requested by Wright pursuant to such a subpoena. Thus we find that any right to obtain copies of the pertinent records at this stage of the investigation is governed by this statute and the Board's procedures, and we find no authority for the trial court to intervene to compel the production of documents.[2] Georgia courts have generally refrained from interfering in ongoing administrative proceedings even where the constitutionality of such proceedings is at issue. See *George v. Dept. of Natural Resources*, 250 Ga. 491, 492 (299 SE2d 556) (1983) ("courts should not render advisory opinions (declaratory judgments) to administrative tribunals as such tribunals proceed, step by step, to perform their administrative function") (citation and punctuation omitted); *Brogdon v. State Bd. of Veterinary Medicine*, 244 Ga. 780, 781 (262 SE2d 56) (1979).

Moreover, should the Board's investigation progress to a formal disciplinary action, Wright will have the power under Georgia's Administrative Procedure Act to obtain subpoenas and to apply to the superior court to enforce such subpoenas. OCGA § 50-13-13 (a) (6), (7). Her resort to the superior court at this stage of the proceedings was simply premature.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

---

[2] We agree with Wright that under OCGA § 24-9-29, a veterinary client waives any privilege applicable to veterinary records to the extent that the client "places the veterinarian's care and treatment of the animal . . . at issue in any civil or criminal proceeding." Even assuming, without deciding, that a complaint to the State Board of Veterinary Medicine qualifies as such a "civil or criminal proceeding," however, nothing in OCGA § 24-9-29 authorizes a trial court to step into the administrative process to compel the production of documents.

DECIDED JUNE 13, 2011 —
RECONSIDERATION DENIED JUNE 30, 2011 — 

*Langdale & Vallotton, W. Pope Langdale III, Christina L. Folsom,* for appellant.
*Powell & Erwin, William A. Erwin, Dupree & Kimbrough, Hylton B. Dupree, Jr.,* for appellee.