S11A1122. HUMPHREY v. OWENS et al.
(715 SE2d 119)

HUNSTEIN, Chief Justice.

Kevin Humphrey entered a negotiated plea of guilty on one count of child molestation in October 2003 and was sentenced to twenty years probation, with the first two years to be served in a detention center and the remainder of the term subject to various conditions. In June 2009, Humphrey filed a motion to terminate his probation pursuant to OCGA § 17-10-1 (a) (2) (under certain circumstances, probation supervision to terminate no later than two years from commencement), and the trial court's denial of this motion was affirmed on appeal. *Humphrey v. State*, 301 Ga. App. 877 (689 SE2d 102) (2010). In October 2010, Humphrey filed a petition for writ of mandamus seeking to compel a change from supervised to unsupervised probation; the termination of mandatory therapy sessions and polygraph tests; and the restoration of his access to computers. The trial court dismissed the petition and this appeal ensued.

The right to the extraordinary writ of mandamus exists only upon meeting a two prong test: (1) the applicant must demonstrate a clear legal right to the relief sought, and (2) there must be no other adequate remedy. [Cits.] . . . [E]xpectation that utilization of the other remedy will result in an adverse decision does not render the other remedy inadequate.

*Carnes v. Crawford*, 246 Ga. 677, 678 (272 SE2d 690) (1980). See also OCGA § 9-6-20. Here, Humphrey cannot demonstrate a right to mandamus relief, as mandamus is not the proper vehicle for obtaining post-appeal review of a sentence imposed by a state court. *Saleem v. Forrester*, 262 Ga. 693 (424 SE2d 623) (1993). Moreover, Humphrey has access to the remedy of habeas corpus. See OCGA § 9-14-1 (c). That the utilization of such remedy may be barred by the statute of limitation, see OCGA § 9-14-42 (c) (1) (habeas action as to non-capital felony conviction final as of July 1, 2004 must be filed by July 1, 2008), does not render it inadequate. *Carnes*, supra at 678. For these reasons, the trial court did not err by dismissing Humphrey's petition for mandamus.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

Kevin Humphrey, *pro se.*

*Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Joseph J. Drolet, Senior Assistant Attorney General, Paige E. Boorman, Angelique B. McClendon, Assistant Attorneys General,* for appellees.