S13A0568. LEACH v. MALCOM et al.
(742 SE2d 459)

BLACKWELL, Justice.

This is an appeal from the dismissal of a petition for a writ of mandamus. In 2007, Christopher Leach was convicted of child molestation, and he was sentenced to imprisonment for five years, followed by five years on probation. As a condition of his probation, Leach was forbidden to change his residence without the consent of his probation officer, and so, after Leach was released from prison in 2012, he asked his probation officer for her consent to his living in a mobile home in Walton County. The mobile home is located, however, on a farm that apparently is within 1,000 feet of a school, and the probation officer refused to consent to Leach living there. Leach sought a writ of mandamus to compel his probation officer to give her consent, but the trial court dismissed the petition, finding, among other things, that Leach has other adequate legal remedies. We affirm.

Mandamus is available only to those without another adequate remedy at law. *Humphrey v. Owens*, 289 Ga. 721, 722 (715 SE2d 119)

(2011). In this case, if Leach has, as he claims, a clear legal right to live in the mobile home in Walton County,[1] it is a right that can be vindicated adequately, we think, by the filing in the court that sentenced Leach to probation of a motion to clarify, modify, or even lift the condition of his probation that limits his changing residence without the consent of his probation officer. OCGA § 42-8-34 (g). See also *Williams v. Lawrence*, 273 Ga. 295, 296 (540 SE2d 599) (2001) ("[A] person under probation is still under the jurisdiction of the sentencing court . . . ." (citations omitted)). And if Leach were unable for some reason to pursue a motion in the sentencing court, he could file a petition for a writ of habeas corpus to inquire into the legality of the terms of his probation. See OCGA §§ 9-14-1 (c), 9-14-40 et seq. See also *Humphrey*, 289 Ga. at 722 ("mandamus is not the proper vehicle" to obtain review of a probationary sentence (citation omitted)). Because Leach has failed to show that he otherwise is without an adequate legal remedy, the trial court did not err when it dismissed his petition for a writ of mandamus.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2013.

*Lori B. Duff*, for appellant.

*Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Joseph J. Drolet, Assistant Attorney General*, for appellees.

---

[1] Leach claims that he has a legal right to live in the mobile home because he meets the requirements of OCGA § 42-1-16 (e) (2). His probation officer does not dispute that he meets these statutory requirements, but she responds that she is not required to consent to his living in the mobile home just because his living there would not violate the statutory limits on the places in which convicted sex offenders can reside. We need not decide in this case whether Leach has a clear legal right to live in the mobile home, and we offer no opinion on that question.