FINAL COPY
295 Ga. 385

S14A0187.  HANSEN v. DEKALB COUNTY BOARD OF TAX
ASSESSORS et al.

HUNSTEIN, Justice.

By means of an action seeking mandamus and other relief, James Hansen and 30 other DeKalb County residents (hereinafter, "Plaintiffs") sought to obtain certain information from the DeKalb County Board of Tax Assessors in connection with their 2012 property tax assessments.  The trial court denied Plaintiffs' request for a mandamus nisi, prompting this appeal.[1]  We find no error and affirm.

As alleged in the complaint, in January 2013, Hansen and the other taxpayers filed with the Board so-called Requests for Information, each seeking information regarding the appraisal and assessment of his or her property for the 2012 tax year.  Specifically, the requests sought the identification of all

_____

[1] Finding that the 30 additional residents were not properly named as parties to the mandamus action, the trial court deemed Hansen to be the sole plaintiff in the case.  Accordingly, the appeal has been pursued by Hansen only.  Hansen directed his appeal to the Court of Appeals, which properly transferred the case to this Court.  See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5); OCGA § 9-6-28 (a).

documents reviewed in making initial and revised assessments of each property, all properties used as "qualified comparable properties" in such assessments, all appraisers who made such assessments and their qualifications, and all factors used in determining the assessed values of the properties. The requests also sought a description of the "geographic area . . . within which comparable properties may be selected" and the identification of "all bank sales, other financial institution owned sales, or distressed sales" within such geographic area. In addition, the requests asked that the Board confirm "the fair market value assessment . . . that will be <u>pursued</u>" for tax year 2012 and identify the documents and other information used to determine such value.

The requests were ostensibly made pursuant to OCGA § 48-5-306 (d), which provides in pertinent part:

> The taxpayer may request, and the county board of tax assessors shall provide within ten business days, copies of such public records and information, including, but not limited to, all documents reviewed in making the assessment, the address and parcel identification number of all real property utilized as qualified comparable properties, and all factors considered in establishing the new assessment, at a uniform copying fee not to exceed 25¢ per page[.]

Id. at (d) (1). The Board responded to these requests with certain "sales ratio reports," which identify sales of real property within a given area. Finding the responses to be insufficiently specific, Plaintiffs requested further, more specific responses, to which the Board responded with more documents. According to Hansen, these additional documents did not provide the precise information Plaintiffs sought. Plaintiffs then sent a letter requesting a meeting with Calvin Hicks, the Board's Secretary and Chief Appraiser, to review the requests for information and the documents the Board had provided in response. Such meeting, the letter stated, was to be recorded, pursuant to OCGA § 48-5-311 (h).[2] Hicks declined this request.

Thereafter, Hansen filed his complaint, styled as a "Petition for Mandamus and/or For an Order and Judgment under OCGA § 50-18-71 et seq.[3]" In the petition, Hansen sought an order directing the Board (1) "to directly, fully, and truthfully respond to each item/request contained in each Request for Information" within five business days; and (2) "to meet with Plaintiffs . . . for

---

[2] This provision authorizes taxpayers to record, at their own expense, "any interview with any officer or employee of the taxing authority relating to the valuation of the taxpayer's property."

[3] OCGA § 50-18-71 et seq. is the Georgia Open Records Act.

the purpose of discussing [the Board's] answers . . . and explaining to Plaintiff's [sic] [the] relevance, if any, [of such] documentation." Further, Hansen sought to have the requested meeting "recorded by Plaintiffs, as provided by OCGA § 48-5-311 (h)." Hansen also sought penalties under the Open Records Act and attorney fees.

After the petition was filed and served, the trial court denied the mandamus nisi, finding that Hansen's claims were not cognizable under the Open Records Act or in mandamus. We agree with the trial court's analysis.

1. The Open Records Act does not apply to information sought under OCGA § 48-5-306 (d). This conclusion is readily apparent from the introductory clause of OCGA § 48-5-306 (d), which states that the rights afforded thereunder are "[n]otwithstanding the provisions of Code Section 50-18-71." In enacting OCGA § 48-5-306 (d), the legislature clearly intended that county tax assessment records be handled differently than other forms of public records and thus carved them out of the Open Records Act for specific treatment. See Couch v. Red Roof Inns, Inc., 291 Ga. 359, 364 (1) (729 SE2d 378) (2012) (construing "notwithstanding" clause as indicative of "intent to displace" other law). The Open Records Act is equally clear that its

4

enforcement provisions apply only to records requests made in compliance with the Act's own specific requirements. See OCGA § 50-18-71 (b) (3) ("[t]he [Act's] enforcement provisions . . . shall be available only to enforce compliance and punish noncompliance when a written request is made *consistent with this subsection*" (emphasis supplied)). Given that Plaintiffs' requests for information were made pursuant to OCGA § 48-5-306 (d) and not OCGA § 50-18-71 (b) (3), the Open Records Act is not available to enforce compliance with such requests.

2. Mandamus is an extraordinary remedy available only where a litigant seeks to compel a public official to perform an act or fulfill a duty that is required by law. See OCGA § 9-6-20. A prerequisite to one's entitlement to a writ of mandamus is a "clear legal right" to the relief being sought. Bibb County v. Monroe County, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014); Humphrey v. Owens, 289 Ga. 721, 722 (715 SE2d 119) (2011). Whether a litigant has a clear legal right to the relief sought depends on the law governing the subject matter at issue. Bibb County, 294 Ga. at 735-736.

Here, the particular law Hansen seeks to enforce, OCGA § 48-5-306 (d), requires a county board of tax assessors to furnish copies of specified documents

5

and other information to a requesting taxpayer within ten business days of the request. It is undisputed that the Board has provided various documents in response to Plaintiffs' information requests. In his mandamus petition, Hansen seeks supplementation and an explanation of these responses in a recorded meeting session. These demands stray far beyond what the statute requires.[4] The trial court thus properly held that Hansen's request for mandamus was unsupportable as a matter of law.

Furthermore, Hansen's failure to avail himself of the administrative appeals process as set forth in OCGA § 48-5-311 prior to resorting to the courts for relief is in itself a sufficient ground for denying the mandamus nisi. See <u>We, the Taxpayers v. Bd. of Tax Assessors of Effingham County</u>, 292 Ga. 31, 33 (1) (734 SE2d 373) (2012) ("failure to pursue the administrative remedy [in OCGA § 48-5-311] precludes the issuance of a writ of mandamus"); see also <u>Chatham County Bd. of Assessors v. Jepson</u>, 261 Ga. App. 771 (1) (584 SE2d 22) (2003) (holding that even procedural issues regarding sufficiency of the notice of reassessment must be adjudicated first through the administrative appeals

---

[4] Contrary to Hansen's contention, OCGA § 48-5-311 (h) does not establish a clear legal right in a taxpayer to demand a recorded meeting with Board representatives at his pleasure.

6

process in OCGA § 48-5-311).

3. We reject Hansen's contention that the trial court erred by denying the request for a mandamus nisi without first holding a hearing, as our mandamus statute clearly authorizes the trial court to do just that where the petition is meritless. See OCGA § 9-6-27 (a) (providing for hearing only *"if* the mandamus nisi is granted" (emphasis supplied)); Kappelmeier v. Iannazzone, 279 Ga. 131 (610 SE2d 60) (2005) (affirming denial of mandamus nisi).

4. Given the above, Hansen's contention that the trial court erred in holding that the additional 30 taxpayers were not properly named as plaintiffs is moot.

Judgment affirmed. All the Justices concur.

Decided June 30, 2014.

Mandamus. DeKalb Superior Court. Before Judge Flake.

Walter H. Hotz, for appellant.

Sam L. Brannen, Jr., Lisa E. Chang, Duane D. Pritchett, for appellees.