In the Supreme Court of Georgia

Decided:   October 5, 2015

S15A0995. CLAYTON COUNTY BOARD OF COMMISSIONERS et al. v. MURPHY.

BLACKWELL, Justice.

The Clayton County Board of Commissioners and its individual members appeal from a writ of mandamus directing the County to give an unspecified job to Joseph Murphy, whom the County previously had employed as Assistant Director of its Department of Community Development. The Board contends, among other things, that the writ is premised on a misunderstanding and misapplication of the County's civil service rules and regulations. We agree and reverse the grant of the writ.

As Assistant Director, Murphy was responsible for building inspections to ensure compliance with the County housing code. On the side, Murphy owned a business that did electrical work, and the County had warned him not to inspect any work that his business had done. In 2007, the Director of Community Development terminated Murphy for failing to heed the warning.

Murphy appealed his firing to the Civil Service Board ("CSB"), which found that the termination was not supported by sufficient cause, as required by the County's civil service rules. The CSB ordered that Murphy be reinstated, and the County appealed.

In the meantime, the Board implemented a reduction in force, which led to the elimination of several positions, including that of Assistant Director. The superior court then dismissed the County's appeal from the reinstatement order, and the County offered Murphy back pay for the period between his termination and the reduction in force. Murphy declined this offer, however, and demanded a job with the County. When he was refused re-employment, Murphy filed a petition for a writ of mandamus to compel the County to offer him employment. In September 2014, the trial court granted the writ and ordered that Murphy "be awarded employment as specified in the civil service rules."

Mandamus is an extraordinary remedy that is available only where a litigant seeks to require a public official to perform an act or fulfill a duty that is required by law and where "there is no other specific legal remedy." OCGA § 9-6-20. A writ of mandamus should only be granted where there "is a clear legal right to the relief being sought." Hansen v. DeKalb County Bd. of Tax

<u>Assessors</u>, 295 Ga. 385, 387 (2) (761 SE2d 35) (2014) (citations and punctuation omitted). Here, even assuming that Murphy did not have a specific legal remedy to challenge the reduction in force that eliminated his job or the Board's refusal to hire him for another position,[1] we cannot say that his right to either remedy is "clear" under the County's civil service rules.

We first consider whether Murphy has a clear legal right to employment in his former position as Assistant Director.[2] The direction given to the Board in the order of the trial court is not specific — only stating that Murphy must be provided with "employment as specified in the civil service rules" — but the order refers to Civil Service Rule 9.204, which affords certain rights to employees that have been terminated as a result of a reduction in force. And that Rule provides that such employees must be offered employment for a period of two years if there is a new or available position that is of the same "nature of that which the laid off employee had previously occupied." But Rule 9.204 does

---

[1] But see <u>Lewis v. City of Atlanta</u>, 274 Ga. 296 (553 SE2d 611) (2001).

[2] We must consider whether the Civil Service Rules require that Murphy be hired *either* to his former position as Assistant Director or to some other position because it is not apparent whether the trial court's order held that Murphy had a clear legal right to his previous job or whether the clear legal right was to be hired to fill some other (existing) position.

not require the Board to recreate an eliminated position, and Murphy does not appear to argue otherwise. As a result, the trial court erred to the extent that it held that Murphy has a clear legal right under Rule 9.204 to reinstatement to his position as Assistant Director.

Although — as already noted — the writ is ambiguous about the precise job that the County was supposed to give Murphy, he claims on appeal that the writ required the Board to reinstate him to his former position as Assistant Director and not merely to offer him employment in some other position. In support of this theory, Murphy points not to Rule 9.204, but rather to Civil Service Rule 11.310, which provides that "[t]he Board . . . may reinstate the employee to his/her position without loss of pay or status" after an adverse decision from the CSB.[3] But Murphy never made this argument in the trial court, and it is clear that the trial court did not rely on Rule 11.310 when it ordered the Board to employ Murphy. Even if Murphy had raised this argument in the court below, it would have been meritless because nothing in Rule 11.310 prohibits

---

[3] In fact, Murphy says that it would have been error to find that the County was obligated to offer employment to him under Rule 9.204 because that Rule provides employment rights only to employees who had "been laid off in good standing," and he was not "in good standing," Murphy says, at the time of the reduction in force that eliminated the position of Assistant Director.

the Board from eliminating a position for budgetary reasons or requires the Board to recreate a position after it has been eliminated. As a result, we reject Murphy's claim that he is clearly entitled to employment in his prior position under Rule 11.310.

Because Murphy does not have a clear legal right to require the Board to recreate the position of Assistant Director under either Rule 9.204 (which was the Rule raised before the trial court) or Rule 11.310 (as advanced by Murphy on appeal), we now consider whether the trial court was authorized to require the Board to offer Murphy employment in some other position. Although the trial court's order does not specify what position this might be, it did note that Murphy had presented evidence that he was qualified for "numerous" positions that had been available during the two years following the reduction in force. But Rule 9.204 does not require that a former employee be offered employment to any position for which he is "qualified." Instead, it requires that he be offered employment in new or open positions that are being filled and that are "of the nature of that [job] which the laid off employee had previously occupied." The number of jobs that Murphy might be qualified to undertake is undoubtedly larger than the number of jobs that are sufficiently similar to his former job to

5

trigger the rights under Rule 9.204. While there may have been available jobs "of the nature" of Murphy's job as Assistant Director, we see nothing in the record establishing that an available job was sufficiently similar to Murphy's prior job as to provide him with a "clear legal right" to that job. And because the grant of a writ of mandamus requires the petitioner to establish a clear legal right, see Hansen, 295 Ga. at 387 (2), the trial court erred when it granted the writ.

Judgment reversed. All the Justices concur.